Joseph J. Tabacco, Jr. (SBN 75484)
Todd A. Seaver (SBN 271067)
Matthew D. Pearson (SBN 235339)
Jessica Moy (SBN 272941)
Sarah Khorasanee McGrath (SBN 263935)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermantabacco.com
       tseaver@bermantabacco.com
       mpearson@bermantabacco.com
       jmoy@bermantabacco.com
       smcgrath@bermantabacco.com

*Attorneys for Cambridge Capital Corporation*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DEPENDABLE COMPONENT SUPPLY CORP., on behalf of itself and others similarly situated,<br><br>                Plaintiff,<br><br>        v.<br><br>MURATA MANUFACTURING CO., LTD., et al.,<br><br>        Defendants. | Case No. 5:18-cv-00198-EJD<br><br>**PLAINTIFF CAMBRIDGE CAPITAL CORPORATION'S RESPONSE TO INDUCTORS, INC.'S RESPONSE TO MOTIONS TO APPOINT INTERIM LEAD COUNSEL**<br><br>Date: April 26, 2018<br>Time: 9:00 a.m.<br>Dept.: Courtroom 4, 5th Floor<br>Judge: Honorable Edward J. Davila |
| POWERWEB, INC. AND POWERWEB ENERGY, INC., on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br>        v.<br><br>MURATA MANUFACTURING CO., LTD., et al.,<br>                Defendants. | Case No. 5:18-cv-00349-EJD<br><br>RELATED ACTION |

| | |
|---|---|
| LIFETIME SERVICE CENTER, INC., on behalf of itself and others similarly situated,<br><br>    Plaintiff,<br>        v.<br><br>MURATA MANUFACTURING CO., LTD., et al.,<br><br>    Defendants. | Case No. 5:18-cv-00511-EJD<br><br>RELATED ACTION |
| CAMBRIDGE CAPITAL CORPORATION, on behalf of itself and others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>MURATA MANUFACTURING CO., LTD., et al.,<br><br>    Defendants. | Case No. 5:18-cv-00686-EJD<br><br>RELATED ACTION |
| FIVE RIVERS ELECTRONIC INNOVATIONS, LLC, on behalf of itself and others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>KEMET CORPORATION, et al.,<br><br>    Defendants. | Case No. 4:18-cv-00851-EJD<br><br>RELATED ACTION |
| ARCH ELECTRONICS, INC., on behalf of itself and others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>MURATA MANUFACTURING CO., LTD., et al.,<br><br>    Defendants. | Case No. 5:18-cv-01128-EJD<br><br>RELATED ACTION |

1    Plaintiff Cambridge Capital Corporation ("Cambridge Capital") hereby responds to

2    Plaintiff Inductors, Inc.'s Response to the Motions to Appoint Interim Lead Counsel Filed by

3    Five Rivers, Powerweb, and Cambridge Capital (ECF No. 118), which was filed by Stueve

4    Siegel Hanson, LLP ("SSH") on April 23, 2018.

5    **I.    INTRODUCTION**

6    Three days before the Court is scheduled to hear three competing motions seeking

7    appointment of interim class counsel,[1] SSH filed a "response" to these leadership motions.

8    SSH's response contains some arguments concerning the competing leadership motions, but

9    most of SSH's "response" is really a disguised motion for appointment of SSH as co-lead

10   counsel.

11   SSH's response to Berman Tabacco's leadership motion is SSH's argument that Berman

12   Tabacco's client, Cambridge Capital, is not a direct purchaser, and, thus, Berman Tabacco

13   should not be eligible to be appointed interim lead counsel. In SSH's view, purchasers of

14   finished products containing a price-fixed component directly from a defendant are not properly

15   part of a direct purchaser class. But, as set forth below, SSH's contention is rebutted by the well-

16   settled law in the Ninth Circuit and this District. Courts have consistently afforded direct

17   purchaser status to those who purchased, directly from an alleged conspiring defendant, finished

18   products containing a price-fixed component. That SSH separately seeks to be appointed as co-

19   lead counsel, but also seeks to exclude purchasers of finished products who are properly included

20   in a direct purchaser class, calls into question SSH's ability to represent the interests of *all* direct

21   purchasers.

22   Moreover, SSH's request to be appointed as co-lead interim counsel should be rejected as

23   not properly before the Court. Ignoring the Local Rules of this District, SSH has not filed any

24

25

26   ───────────────

[1] Motions for appointment of interim lead counsel have been filed by Berman Tabacco on behalf
27   of plaintiff Cambridge Capital (*see* ECF No. 55); Bleichmar Fonti & Auld LLP ("BFA") and
     Hausfeld LLP on behalf of plaintiffs Dependable Component Supply Corp., Powerweb, Inc., and
28   Powerweb Energy, Inc. (*see* ECF No. 21); and the Joseph Saveri Law Firm ("JSLF") on behalf
     of plaintiff Five Rivers Electronic Innovations LLC (*see* ECF No. 81).

1    properly-noticed motion seeking leadership of a consolidated *Inductors* action. Its request should

2    be rejected on this basis alone.

3            In sum, nothing in SSH's response weighs against appointing Berman Tabacco as interim

4    lead counsel for the proposed direct purchaser class. Berman Tabacco remains the movant "best

5    able to represent the interests of the class." Fed. R. Civ. P. 23(g).

6    **II.      ARGUMENT**

7            **A.      Berman Tabacco Properly Seeks to Represent the Interests of All Who**
                     **Purchased Inductors or Finished Products Containing Inductors Directly**
8                      **from a Defendant**

9            SSH argues that only counsel representing purchasers of stand-alone inductors from a

10   defendant should be eligible to represent the direct purchaser class. SSH's Response at 2-3. This

11   argument ignores settled law and calls into question SSH's ability to best represent the interests

12   of the direct purchaser class.

13           Under established law in the Ninth Circuit and this District, purchases of finished

14   products directly from a defendant that contain a price-fixed component are properly included in

15   a direct purchaser class. Like purchases of stand-alone components, purchases of finished

16   products containing the price-fixed component confer standing to sue for damages under federal

17   antitrust laws and are not barred by the *Illinois Brick* indirect purchaser rule. The foreign cartel

18   cases in this District such as *LCD*, *ODD*, *CRT*, and *Lithium-Ion Batteries* have had certified

19   litigation and/or settlement direct purchaser classes that include—and are even dominated by—

20   purchases of finished products direct from a defendant. *See, e.g., In re Lithium-Ion Batteries*

21   *Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 4955377, at *24 (N.D. Cal. Oct. 2, 2014) (The

22   Court "rejected defendants' argument that the [direct purchaser plaintiffs] lacked standing

23   because they alleged purchases of finished products that contained a price-fixed component, that

24   is, of a battery or battery product as opposed to a raw lithium ion battery cell."); *In re Lithium-*

25   *Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 309192, at *8 (N.D. Cal. Jan. 21,

26   2014) (finding that the law provides standing to bring federal antitrust claims for purchasers who

27   have "purchased a price-fixed component as part of a finished product, provided [they] bought

28   the finished product from an entity owned or controlled by a conspirator"); *In re TFT-LCD (Flat*

*Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1118-19 (N.D. Cal. 2008) (rejecting defendants' argument that direct purchaser plaintiffs' claims based on purchases of finished products containing TFT–LCD panels should be dismissed for lack of antitrust standing, observing that "courts have found antitrust standing where plaintiffs purchased downstream goods from a cartel of manufacturers who made, and fixed the price of, a component of those goods"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1023 (N.D. Cal. 2010) (same).[2]

In both *TFT-LCD* and *CRT*, the court certified direct purchaser classes that included both purchasers of the price-fixed product itself and finished products containing the price-fixed product, so long as the purchases were made directly from a defendant (or an entity owned or controlled by a defendant). *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 315 (N.D. Cal. 2010); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606, 611 (N.D. Cal. 2015). In neither case were lead counsel found to be inadequate for the reason that they represented plaintiffs that had purchased finished products.

It is striking that any firm seeking to be appointed interim lead counsel of a direct purchaser class would so readily relinquish, at the outset of the case, the interests of finished product direct purchasers. This raises serious concerns as to SSH's ability to best serve the interests of *all* members of the proposed direct purchaser class.[3]

**B.    SSH's Request to Be Appointed Co-Lead Interim Counsel Is Not Properly Before this Court**

The bulk of SSH's "response" consists of a request that SSH should be appointed as co-lead interim class counsel. But, this request is not properly before the Court.

---

[2] *See also In re Cathode Ray Tube (CRT) Litig.*, No. 07-cv-5944-JST, 2016 WL 7805628, at *19 (N.D. Cal. Aug. 4, 2016) (at summary judgment, rejecting the defendants' argument that "injuries suffered by purchasers of finished products that incorporate a price-fixed good as a component are not inexorably intertwined with the injuries of those who purchase price-fixed goods themselves"; finding that "[n]either the law of the case as set forth in Judge Conti's order nor the weight of authority in this district support Defendants' position"; and observing that "Circuit and district courts outside of the Ninth Circuit are also in accord" (collecting cases)).

[3] JSLF has also similarly argued in its leadership motion that purchasers of finished products are not properly included as direct purchasers. Berman Tabacco, BFA, and Hausfeld have all argued—correctly—that JSLF's position is wrong as a matter of settled law.

1   Three movants have sought appointment as interim lead counsel, and SSH is not one of

2   them. SSH is free to file a document that expresses its support for one of the movants, but it is

3   not the appropriate avenue to alternatively seek appointment as co-lead interim class counsel by

4   way of a "response" filed days before the hearing on the three motions before the Court.

5   Appointment of interim class counsel must be sought through a motion. And as the Local Rules

6   of this District make clear, the motion must be noticed at least 35 days prior to the hearing in

7   order to provide the parties an adequate opportunity to respond. *See* Civil L.R. 7-2(a). Thus,

8   because SSH has not filed motion, let alone a properly-noticed one, the Court should reject

9   SSH's request for appointment as co-lead counsel as not properly before the Court.

10  **III.   CONCLUSION**

11  For the reasons set forth above, SSH's objections to the appointment of Berman Tabacco

12  as interim lead counsel should be afforded no weight, and SSH's last-minute attempt to seek

13  appointment as co-lead counsel should be denied.

14  Cambridge Capital is a direct purchaser of inductors and has moved for the appointment

15  of Berman Tabacco as interim sole lead counsel under Rule 23(g). Berman Tabacco remains the

16  counsel best able to represent the interests of all members of the direct purchaser class and to

17  lead this *Inductors* action. Should the Court prefer, however, to appoint more than one firm as

18  co-lead counsel, Berman Tabacco, as indicated in its Motion (ECF No. 55), would not object to

19  being designated as co-lead counsel in conjunction with other applicants deemed qualified by the

20  Court.

21  DATED: April 24, 2018                    **BERMAN TABACCO**

22                                            By:   *Todd A. Seaver*

23                                                  Todd A. Seaver

24                                            Joseph J. Tabacco, Jr**.**
                                              Matthew D. Pearson

25                                            Jessica Moy
                                              Sarah Khorasanee McGrath

26                                            44 Montgomery Street, Suite 650
                                              San Francisco, CA  94104

27                                            Telephone: (415) 433-3200
                                              Facsimile:  (415) 433-6382

28                                            Email: jtabacco@bermantabacco.com

tseaver@bermantabacco.com
mpearson@bermantabacco.com
jmoy@bermantabacco.com
smcgrath@bermantabacco.com

Marc Greenspon (*pro hac vice* to be filed)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile:  (617) 542-1194
Email: mgreenspon@bermantabacco.com

Vincent Briganti (*pro hac vice* to be filed)
Barbara Hart (*pro hac vice* to be filed)
**LOWEY DANNENBERG P.C**.
White Plains Plaza
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile:  (914) 997-0035
Email: vbriganti@lowey.com
        bhart@lowey.com

Brian Murray (*pro hac vice*)
Lee Albert (*pro hac vice*)
**GLANCY PRONGAY & MURRAY**
230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile:  (212) 884-0988
Email: bmurray@glancylaw.com
        lalbert@glancylaw.com

*Attorneys for Cambridge Capital Corporation*