MORGAN, LEWIS & BOCKIUS LLP
Michelle Park Chiu (SBN 248421)
One Market, Spear Street Tower
San Francisco, California  94105-1596
Telephone:   415.442.1000
Facsimile:   415.442.1001
michelle.chiu@morganlewis.com

Scott A. Stempel (*pro hac vice*)
J. Clayton Everett, Jr. (*pro hac vice*)
Cindy Seunghee Hong (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC  20004
Telephone:   202.739.3000
Facsimile:   202.739.3001
scott.stempel@morganlewis.com
clay.everett@morganlewis.com
cindy.hong@morganlewis.com

*Attorneys for Defendants TDK U.S.A. Corporation,
and TDK Corporation of America*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INDUCTORS ANTITRUST LITIGATION | Case No. 5:18-cv-00198-EJD-NC<br><br>**TDK, MURATA AND TAIYO YUDEN DEFENDANTS' OPPOSITION TO DPPS' MOTION REGARDING SEQUENCING OF EARLY DISCOVERY**<br><br>Judge:     Hon. Nathanael Cousins |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

# TABLE OF CONTENTS

**Page**

BACKGROUND ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

I.   Plaintiffs Fail to Show Good Cause to Justify Pre-Complaint Discovery .............. 3

II.  The Cases Plaintiffs Cite Are Distinguishable ....................................................... 5

III. No Special Circumstances Exist to Justify Departure From the General
     Rule Precluding Pre-Complaint Discovery ............................................................. 5

IV.  Plaintiffs' Request Implicates the Interests of the United States, Which
     Should Be Considered Before Any Order Requiring Production Is Issued ............ 8

CONCLUSION ..................................................................................................................... 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFT.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ............................................................................................3, 4, 5, 6

*In re Boland*
  79 F.R.D. 665 (D.D.C. 1978)...........................................................................................4

*Calderon v. United States*
  98 F.3d 1102 (9th Cir. 1996)........................................................................................1, 3

*In re Capacitors Antitrust Litig.*
  No. 3:14-cv-3264, ECF No. 309. (N.D.Cal. Oct. 30, 2014) .........................................5

*Carter v. DeKalb Cnty, Ga.*
  521 Fed. Appx. 725 (11th Cir. 2013) ............................................................................3

*Century 21 Real Estate Corp. v. Sanlin*
  846 F.2d 1175 (9th Cir. 1988)........................................................................................6

*DSM Desotech Inc. v. 3D Sys. Corp.*
  No. 08 CV 1531, 2008 WL 4812440 (N.D. Ill. Oct. 28, 2008) .................................6

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*
  No. 4:02-md-1486 PJH, 2006 WL 1530166, ECF No. 89 (N.D. Cal. June 5,
  2006) ...........................................................................................................................5, 6

*Petition of Exstein*
  3 F.R.D. 242 (S.D.N.Y. 1942) ........................................................................................4

*In re Flash Memory Antitrust Litig.*
  No. C 07-0086 SBA, 2008 WL 62278 (N.D. Cal. January 4, 2008) ......................5, 7

*Petition of Gary Constr., Inc.*
  96 F.R.D. 432 (D. Colo. 1983)........................................................................................4

*In re Graphics Processing Units (GPU) Antitrust Litig.*
  No. C-06-07417, 2007 WL 2127577 (N.D. Cal. July 24, 2007)..................................6, 7

*In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*
  No. 05-2367 SRC, 2012 WL 4764589 (D.N.J. Oct. 5, 2012), *aff'd sub nom. In
  re Merck & Co., Inc. Sec.*, No. CV 05-1151 (SRC), 2012 WL 12904796
  (D.N.J. Dec. 12, 2012) ....................................................................................................4

*Mujica v. AirScan, Inc.*
  771 F.3d 580 (9th Cir. 2014)................................................................................. *passim*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFT.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

# TABLE OF AUTHORITIES
(continued)

Page(s)

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*
    650 F.3d 1046 (6th Cir. 2011) ................................................................................................3, 6

*In re Optical Disk Drive Antitrust Litig.*
    No. 3:10-md-02143-RS (N.D. Cal. Apr. 7, 2011), ECF No. 379 .............................................5

*Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Inc.*
    No. 5:16-cv-06370-EJD, 2018 WL 1569811 (N.D. Cal. Feb. 6, 2018) ....................................7

*Osband v. Woodford*
    290 F.3d 1036 (9th Cir. 2002) .................................................................................................8

*Persian Gulf, Inc. v. BP W. Coast Prod. LLC, et al.*
    225 F. Supp. 3d 1178 (S.D. Cal. 2016) ....................................................................................6

*In re Resistors Antitrust Litig.*
    No. 5:15-cv-03820-RMW (N.D. Cal. Feb. 2, 2016), ECF No. 112 ..........................................5

*Semitool, Inc. v. Tokyo Electron America, Inc.*
    208 F.R.D. 273 (N.D. Cal. 2002) ............................................................................................6

*In re Solorio*
    192 F.R.D. 709 (D. Utah 2000) ...............................................................................................4

*Souza v. Schilgen*
    1996 WL 241824 (N.D. Cal. 1996) .........................................................................................8

*In re Static Random Access Memory (SRAM) Antitrust Litig.*
    No. 07-md-1819 CW, 2013 WL 1222690 (N.D. Cal. Mar. 25, 2013) ......................................5

**Rules and Regulations**

Fed. R. Civ. P.
    8 ...............................................................................................................................................3
    26(b) ........................................................................................................................................7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

1    The purpose of Plaintiffs' Motion is transparent:  they are seeking discovery in an effort to

2    provide a basis for a complaint that they have not yet filed.  ECF No. 130 ("Motion") at 6. ("the

3    documents could be used by DPPs in their Consolidated Amended Complaint ("CAC")).  As a

4    general rule, "the federal rules of civil procedure do not allow pre-complaint discovery."

5    *Calderon v. United States*, 98 F.3d 1102, 1106 (9th Cir. 1996).  A sufficient and plausible

6    complaint is a prerequisite to discovery. *Mujica v. AirScan, Inc.*, 771 F.3d 580 (9th Cir. 2014).

7    Plaintiffs have pointed to no exigent or other circumstances to justify a departure from the basic

8    rule that a well-pleaded complaint provides a basis for discovery, not the other way around.

9    Plaintiffs' motion should be denied.

10   ## BACKGROUND

11   Seven complaints have been filed by alleged direct purchasers of inductors alleging

12   violations of the antitrust laws.[1]  The first of those complaints was filed on January 9, 2018, a few

13   days after a news article reported that grand jury subpoenas had been issued by the Antitrust

14   Division of the United States Department of Justice ("DOJ") concerning inductors. *Cambridge* ¶¶

15   4, 65.  The last of the complaints was filed on April 11, 2018.  *See Inductors, Inc*.  The

16   complaints differ substantially in the companies named as defendants, the time periods of the

17   alleged violations, and the descriptions of the products at issue.  Several Defendants are named in

18   certain of the complaints, but not others.  Some complaints allege a conspiracy period starting in

19   2003; while another alleges a conspiracy period beginning in 2002. Likewise, several of the

20   complaints claim that the alleged conspiracy ended in 2016, one alleges that it ended in 2014, and

21   one alleges that it is ongoing.  The complaints also vary in their descriptions of the types of

22   inductors allegedly at issue. *Dependable* Compl., ¶ 50 (identifying "wirewound coils" and

23   "multilayered film" or "ceramic coils" as "multilayered inductors"); *Powerweb* Compl., ¶ 66;

24   (identifying the "principal types" of relevant products as "air core inductors, iron core inductors,

---

[1] *Dependable Component Supply Corp. v. Murata Mfg. Co. Ltd.*, No. 3:18-cv-00189-EJD (N.D. Cal.). ("*Dependable*"); *Powerweb, Inc. v. Murata Mfg. Co. Ltd.*, No. 18-cv-00349-EJD (N.D. Cal.) ("*Powerweb*"); *Cambridge Capital Corp. v. Murata Mfg. Co., Ltd.*, No. 5:18-cv-00686-EJD (N.D. Cal) ("*Cambridge*"); *Five Rivers Elec. Innovations LLC v. Kemet Corp.*, No. 4:18-cv-00851-EJD (N.D. Cal.) ("*Five Rivers*"); *Inductors, Inc. v. Kemet Corp.*, No. 18-cv-2175-EJD (N.D. Cal.) ("*Inductors, Inc.*").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

ferrite core inductors, toroidal core inductors, and multilayer inductors"); *Cambridge* Compl., ¶ 2 (identifying, unlike others, "surface mount types,... chokes, radio frequency, coupled, multi-layer, and molded"); *Five Rivers* Compl., ¶¶ 90, 91 (identifying, unlike others, "laminated core inductors," "power inductors," "RF inductors," "through-hole inductors," "ferrite beads and EMI filters." ); *Inductors* Compl., ¶ 56 (uniquely identifying "variable inductors").

At this point, neither the Defendants nor the Court knows what Plaintiffs will claim in a consolidated amended complaint ("CAC") or even whether all Defendants will remain in this litigation after the new complaint is filed.  Plaintiffs' motion effectively concedes that they do not know either.

Prior to their appointment as Interim Lead Counsel, on April 9, 2018, Counsel for Plaintiffs in two of the seven complaints sent to Defendants draft document requests that they asserted would be deemed to be served after the parties conducted their Rule 26(f) conference. Those draft requests sought not only documents produced by any Defendant to the DOJ in connection with an inductors investigation but also other documents.

Defendants moved on April 11, 2018 to continue the CMC to allow time for Interim Lead Counsel to be appointed and a CAC to be filed in advance of the CMC. ECF No. 105.  The Court rescheduled the CMC for May 31, 2018 and ordered Interim Lead Counsel to file the CAC by May 24, 1018.  ECF No. 117, 124.  Subsequently, the due date for the CAC was extended to July 2 and the CMC was rescheduled for July 12. ECF No. 134.

Now, Plaintiffs move to "sequence" discovery, by which they mean that all Defendants should be required to produce now, before a CAC is filed, all documents provided to the DOJ in connection with any inductors investigation, even though it is not yet clear what products, time periods or even Defendants will be implicated by the CAC. *See* ECF No. 130 ("Motion"). Plaintiffs' only reason for demanding these documents before the plausibility of their claims are tested is so "the documents could be used by DPPs in their Consolidated Amended Complaint." Motion at 6.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TDK, MURATA AND TAIYO YUDEN
DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

# ARGUMENT

## I.  Plaintiffs Fail to Show Good Cause to Justify Pre-Complaint Discovery

The Federal Rules generally do not permit an opportunity for pre-complaint discovery. *See, e.g., Calderon v. United States*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[W]ith one [] exception, the Federal Rules of Civil Procedure do not permit pre-complaint discovery. The exception arises when a party can show the need to perpetuate testimony that may not be available later."). "[D]iscovery *follows* the filing of a well-pleaded complaint.  It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter v. DeKalb Cnty, Ga.,* 521 Fed.Appx. 725, 728 (11th Cir. 2013); *see also, e.g.*, *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) ("[T]he language of *Iqbal* specifically directs that no discovery may be conducted" where the complaint fails to allege sufficient facts to support the plaintiffs' claims, and that "[t]he language of *Iqbal*, 'not entitled to discovery,' is binding on the lower federal courts.").  Plaintiffs here are seeking production of the DOJ documents precisely for the purpose of trying to discover a basis to allege a plausible complaint.  *See* Motion at 6.  That is not a permissible use of discovery.  It denies Defendants the basic protection from invasive discovery that underlies *Iqbal*'s well-pleaded complaint rule.  Plaintiffs' request should be denied.

In reliance on the Supreme Court's decision in *Iqbal*, the Ninth Circuit directly addressed the issue of pre-complaint, or pre-amendment, discovery in *Mujica v. AirScan Inc.*, 771 F.3d 580 (9th Cir. 2014).  Plaintiffs in that case sought damages under the Alien Tort Statute for personal injuries allegedly suffered in Columbia.  The complaint was dismissed for failure to allege a plausible claim – namely, the necessary nexus to U.S. commerce; and plaintiffs argued that they could not allege a plausible claim without an opportunity to take discovery from defendants prior to amending their complaint.  *Id.*  The Ninth Circuit squarely held: "plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Id.* at 593 (emphasis in original).  This is controlling authority ignored by Plaintiffs (and not addressed by the cases on which Plaintiffs rely, as discussed below).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TDK, MURATA AND TAIYO YUDEN
DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

1    Although reiterated in *Iqbal* and *Mujica*, the principle that discovery is not appropriate in

2    order to discover a basis for bringing a complaint has long been recognized.  *See, e.g.*, *Petition of*

3    *Gary Constr., Inc.*, 96 F.R.D. 432, 433 (D. Colo. 1983) (denying discovery where request seem to

4    be an attempt to obtain information to formulate a complaint); *Petition of Exstein*, 3 F.R.D. 242,

5    243 (S.D.N.Y. 1942) (barring pre-complaint discovery "in order to frame the complaint"); *In re*

6    *Solorio*, 192 F.R.D. 709, 709-10 (D. Utah 2000) (denying pre-complaint discovery request where

7    it is an attempt for "fishing expedition to prepare for filing"); *In re Boland*, 79 F.R.D. 665, 668

8    (D.D.C. 1978) (denying pre-complaint discovery when it is apparently used "to determine

9    whether a cause of action exists; and, if so, against whom action should be instituted") (citing

10   *Petition of Gurnsey*, 223 F.Supp. 359, 360 (D.D.C.1963)).

11   Plaintiffs' request here is explicitly and transparently directed at seeking discovery to

12   "determine whether a cause of action exists; and, if so, against whom action should be instituted"

13   *In re Boland*, 79 F.R.D. at 668.  In Plaintiffs' words, they seek the supposed DOJ documents in

14   order to help them "frame the scope of the operative complaint" and identify "the proper

15   defendants to be named." Motion at 6.  That is precisely what they are ***not*** permitted to do.

16   That initial complaints were filed before Plaintiffs sought to file an amended complaint

17   matters not, as the Ninth Circuit squarely held in *Mujica*.  *Supra* at 3; *Mujica*, 771 F.3d 580; *see*

18   *also In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 05-2367 SRC, 2012 WL

19   4764589, at *8 (D.N.J. Oct. 5, 2012), *aff'd sub nom. In re Merck & Co., Inc. Sec.*, No. CV 05-

20   1151 (SRC), 2012 WL 12904796 (D.N.J. Dec. 12, 2012) (denying plaintiffs' request to compel

21   discovery based on anticipated filings as plaintiffs argued that "they intend to file an amended

22   complaint that would re-allege a class period" based on discovery).  It is ***Plaintiffs*** that sought

23   consolidation, and it is ***Plaintiffs*** that sought to file a new, consolidated amended complaint

24   against some yet unknown group or subgroup of the current Defendants, making perhaps the

25   same or perhaps different claims related to some yet-unknown definition of inductors.  That CAC

26   will supersede the previously filed complaints and will become the only operative complaint in

27   this matter.  *See* ECF No. 124.  That operative complaint must contain sufficient "factual matter"

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TDK, MURATA AND TAIYO YUDEN
DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

to render "a plausible claim for relief" *before discovery*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  There is simply no provision of the Federal Rules that permit Plaintiffs pre-complaint or pre-amendment "plausibility discovery"; plausibility is tested first and only then is there discovery.

## II.     The Cases Plaintiffs Cite Are Distinguishable

Plaintiffs identify a few cases in which defendants were ordered to produce DOJ documents before a CAC was filed. *see* Motion at 4-5.  Those cases (a) all fail to consider, much less address, the Ninth Circuit's controlling holding in *Mujica*, (b) generally involve distinguishable facts, and (c) in two instances, are simply minute orders of no precedential value.[2]

Plaintiffs in *SRAM* , unlike the Plaintiffs here, "expressly disavowed the need for these documents to make the consolidated amended complaint." *See In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2008 WL 62278, *2 (N.D. Cal. January 4, 2008); *see also* Tr. of June 1, 2007 Case Management Conference in *In re Static Random Access Memory Antitrust Litig.*, No. C 07-1819, ECF No. 432, at 32.

Contrary to the Plaintiffs' claims here, the Court in *In re Capacitors Antitrust Litig.*, required the CAC to be filed months before any discovery—including production of DOJ documents—was permitted. No. 3:14-cv-3264, ECF No. 309. (N.D.Cal. Oct. 30, 2014).

Finally, Plaintiffs can find little comfort in *DRAM* because all discovery was stayed pending resolution of the grand jury investigation and defendants subsequently ***stipulated*** to the production of grand jury documents, which ended up not being produced before the first CAC was filed.  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 4:02-md-1486 PJH, 2006 WL 1530166, ECF No. 89 at 2-3 (N.D. Cal. June 5, 2006).

## III.    No Special Circumstances Exist to Justify Departure From the General Rule Precluding Pre-Complaint Discovery

Courts allow early discovery only in certain narrow circumstances where justice so

---

[2] *See In re Resistors Antitrust Litig.*, No. 5:15-cv-03820-RMW (N.D. Cal. Feb. 2, 2016), ECF No. 112; *In re Optical Disk Drive Antitrust Litig,*, No. 3:10-md-02143-RS (N.D. Cal. Apr. 7, 2011), ECF No. 379.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TDK, MURATA AND TAIYO YUDEN
DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

1   requires, but none of those circumstances are applicable here.  *See, e.g., Semitool, Inc. v. Tokyo*

2   *Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where

3   the need for expedited discovery, in consideration of the administration of justice, outweighs the

4   prejudice to the responding party.").

5   　　　　For example, early discovery may be permitted in order to prevent irreparable harm

6   where, for instance, a preliminary injunction is sought.  *See, e.g., Century 21 Real Estate Corp. v.*

7   *Sanlin*, 846 F.2d 1175, 1180-81 (9th Cir. 1988).  Or it may be permitted in order to preserve

8   evidence that may no longer exist later in the case.  *See, e.g., DSM Desotech Inc. v. 3D Sys.*

9   *Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) ("Absent

10  circumstances presenting a compelling need for prompt discovery—as there might be if, for

11  example, provisional relief were being sought or if testimony needed to be preserved due to the ill

12  health of a witness—the court finds that the principles underlying *Twombly* counsel in favor of

13  granting defendants' motion to stay" pending a ruling on a motion to dismiss) (citing *In re*

14  *Graphics Processing Units Antitrust Litig.*, No. C-06-07417, 2007 WL 2127577, *4-5 (N.D. Cal.

15  July 24, 2007) ("*GPU*")).  Fishing around in Defendants' documents in the hopes of finding a

16  plausible claim to allege is ***not*** good cause.  *Mujica*, 78 F.3d at 593.  Quite simply: "The

17  unambiguous directive in *Iqbal* and *Mujica* does not allow the court discretion to order pre

18  amendment plausibility discovery."  *Persian Gulf, Inc. v. BP W. Coast Prod. LLC, et al.*, 225 F.

19  Supp. 3d 1178, 1180 (S.D. Cal. 2016).[3]

20  　　　　The fact that there has been a public report of a DOJ investigation does not justify early

21  discovery concerning materials provided to the DOJ in that potential investigation, which of

22  course may never lead to any action related to inductors by the DOJ.  In any event, there is no risk

23  that those documents will be unavailable if Plaintiffs' CAC proves plausible.  Nor is emergency

24  injunctive relief sought or appropriate here.  A possible DOJ investigation of certain Defendants

25

26  [3] In *Persian Gulf*, the court also cited the Sixth Circuit, which denied a plaintiff discovery in an
    antitrust complaint that had been dismissed: "[t]he Plaintiff may not use the discovery process to

27  obtain these facts [of price discrimination] after filing suit. The language of *Iqbal*, 'not entitled to
    discovery' is binding on the lower federal courts."  *New Albany Tractor v. Louisville Tractor,*

28  *Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).

6

1    does not mean that Plaintiffs have or necessarily could assert valid or plausible grounds for relief

2    against all Defendants, or even against those few Defendants that may have received DOJ

3    subpoenas.  *See In re GPU Antitrust Litig.*, 2007 WL 2127577, at *5.  And the possibility that

4    certain Defendants have produced documents to the DOJ does not mean that those documents are

5    necessarily relevant to the claims asserted here – or that will be asserted in the CAC – whatever

6    those claims end up being.  "Defendants would be entitled to interpose possibly valid objections

7    [to a valid discovery request for DOJ documents] that would take time to evaluate.  And,

8    regardless of the foregoing, the compelled act of turning records over to the government pursuant

9    to the subpoena does not mean that everyone else has an equal right to rummage through the same

10   records."  *Id.*[4]

11         Judge Armstrong, in denying a request for grand jury materials prior to filing a CAC,

12   underscored the "unusual position" of "seeking discovery before filing . . . amended consolidated

13   complaints, before defendants are definitively named in this action, and before stating claims for

14   relief of the putative classes of direct and indirect purchasers."  *In re Flash Memory Antitrust*

15   *Litig.*, 2008 WL 62278, at *2.  Rule 26(b) limits discovery to "nonprivileged matter that is

16   relevant to any party's claim or defense."  *Id.* at *4.  Without an operative complaint, "there are

17   no claims by which relevance of requested discovery may be measured under Rule 26(b)."  *Id.* at

18   *4-5.  In sum,

19         the timing of discovery under the Federal Rules is not a mere formalism that easily
         gives way to a plaintiff's invocation of efficiency or merely because the marginal
20         costs of duplicating documents already provided to a grand jury may be negligible.
         The Federal Rules provide limits on the scope of discovery, provide incentives for
21         cooperation between the parties, a mechanism for seeking protective orders and for
         lodging objections, and a basis for court resolution of discovery disputes.
22         Allowing discovery outside the terms of these Rules, and before an operative
         complaint is filed, obviates these protections.
23

24   *In re Flash Memory Antitrust Litig.*, 2008 WL 62278, at *5.  The same is true here and the same

25

26   [4] While the Court in *Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Inc.*, No. 5:16-
     cv-06370-EJD, 2018 WL 1569811 at *2 (N.D. Cal. Feb. 6, 2018) distinguished *In re GPU*, it did
27   so by noting that *Optronic* was "not a sprawling multidistrict litigation or a class action."  The
     circumstances of this class action are more in line with those of *In re GPU* and *that* case offers
28   the better guidance for the Court here.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

TDK, MURATA AND TAIYO YUDEN
DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

denial of pre-complaint discovery should result.

IV.     **Plaintiffs' Request Implicates the Interests of the United States, Which Should Be Considered Before Any Order Requiring Production Is Issued.**

The United States government has an interest in assuring that discovery in this case does not undermine the integrity of the DOJ's investigation relating to inductors. *See, e.g., Osband v. Woodford*, 290 F.3d 1036, 1042-43 (9th Cir. 2002) ("[C]ivil discovery may not be used to subvert limitations on discovery in criminal cases, either by the government or by private parties.").

The United States has sought consent of the parties to intervene in this case, and apparently intends imminently to seek intervention in order to assure that the discovery in this case does not interfere with its investigation. No discovery should be ordered produced until the interests of the United States can be considered and appropriately addressed. As this Court has noted in the past, the "[a]dministrative policy gives priority to the public interest in law enforcement. "This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *Souza v. Schilgen*, 1996 WL 241824, *3 (N.D. Cal. 1996).

## CONCLUSION

For the foregoing reasons, this Court should deny DPPs' motion.

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

TDK, MURATA AND TAIYO YUDEN
DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

1
2
Dated: May 17, 2018

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,


By:  /s/ Michelle Park Chiu
        Michelle Park Chiu

Michelle Park Chiu (State Bar No. 248421)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, California  94105-1596
Telephone:    415.442.1000
Facsimile:    415.442.1001
michelle.chiu@morganlewis.com

Scott A. Stempel (*pro hac vice*)
J. Clayton Everett, Jr. (*pro hac vice*)
Cindy Seunghee Hong (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., NW
Washington, DC  20004
Telephone:    202.739.3000
Facsimile:    202.739.3001
scott.stempel@morganlewis.com
clay.everett@morganlewis.com
cindy.hong@morganlewis.com

*Attorneys for Defendants TDK (USA)*
*Corporation, and TDK Corporation of America*

By:  /s/ Eliot A. Adelson

Eliot A. Adelson (State Bar No. 205284)
Margaret A. Webb (State Bar No. 319269)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: margaret.webb@kirkland.com

Tammy A. Tsoumas (State Bar No. 250487)
Heather F. Canner (State Bar No. 292837)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email: ttsoumas@kirkland.com
Email: heather.canner@kirkland.com

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

TDK, MURATA AND TAIYO YUDEN
DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James H. Mutchnik, P.C. (pro hac vice)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com

*Attorneys for Defendants Murata Electronics
North America, Inc., and Murata Manufacturing
Co., Ltd.*

By:  /s/ James L. Cooper

James L. Cooper
Michael A. Rubin
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Email: James.Cooper@arnoldporter.com
Email: Michael.Rubin@arnoldporter.com

Daniel B. Asimow
Matthew H. Fine
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Email: Daniel.Asimow@arnoldporter.com
Email: Matthew.Fine@arnoldporter.com

*Attorneys for Defendants Taiyo Yuden (U.S.A.)
Inc. and Taiyo Yuden Co., Ltd.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

TDK, MURATA AND TAIYO YUDEN
DEFTS.' OPP'N TO DPPS' MOT. RE
SEQUENCING OF EARLY DISCOVERY
Case No. 5:18-cv-00198-EJD-NC