Daniel G. Swanson (SBN 116656)
Frances A. Smithson (SBN 313700)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520
dswanson@gibsondunn.com
fsmithson@gibsondunn.com

Scott D. Hammond (*pro hac vice*)
Cynthia E. Richman (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 415.393.8200
Facsimile: 415.393.8306
shammond@gibsondunn.com
crichman@gibsondunn.com

*Attorneys for Defendants Panasonic Corporation; Panasonic Corporation of North America*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INDUCTORS ANTITRUST LITIGATION | Case No. 5:18-cv-00198-EJD-NC<br><br>**DECLARATION OF DANIEL G. SWANSON IN SUPPORT OF DEFENDANTS PANASONIC CORPORATION, PANASONIC CORPORATION OF NORTH AMERICA, SUMIDA CORPORATION, SUMIDA ELECTRIC CO. LTD., AND SUMIDA AMERICA COMPONENTS INC.'S OPPOSITION TO DPPS' MOTION REGARDING SEQUENCING OF EARLY DISCOVERY**<br><br>Judge: Hon. Nathaniel Cousins |

**DECLARATION OF DANIEL G. SWANSON**

I, Daniel G. Swanson, declare and state as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel to defendants Panasonic Corporation and Panasonic Corporation of North America ("Panasonic") in the above-captioned proceedings. I submit this Declaration in support of defendants Panasonic, Sumida Corporation, Sumida Electric Co. Ltd., and Sumida America Components Inc.'s Opposition to the Motion Regarding Sequencing of Early Discovery ("Motion") brought by the Direct Purchaser Plaintiffs' ("DPPs") in the above-captioned proceedings ("*Inductors*"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. On January 4, 2018, an article was published by mLEX reporting the existence of an "investigation in the inductor market" by the Antitrust Division of the United States Department of Justice ("DOJ"). The article states that "the inductor subpoenas are part of a long-running investigation into the passive components industry . . . [which] began as part of a so-called leniency-plus application from Panasonic . . ." and that "[t]he specific role of Panasonic in the inductor case is not clear." The article then notes that Panasonic told mLEX it had not received a subpoena. A true and correct copy of the January 4, 2018 mLEX Article is attached hereto as **Exhibit 1**. *See id.*, at 1.

3. On January 17, 2018, Lesley Weaver of the law firm Bleichmar Fonti & Auld LLP, counsel for plaintiff Dependable Component Supply Corporation ("Dependable"), wrote to counsel for Panasonic asking for confirmation that Panasonic "is an actual or potential ACPERA applicant in the [DOJ] investigation related to Inductors." A true and correct copy of the January 17, 2018 Letter is attached hereto as **Exhibit 2**. On January 24, 2018, Panasonic responded that "[w]e direct you to footnote 3 of Panasonic's Opposition to Dependable Component Supply Corp.'s Motion to Relate, Dkt. No. 8, which we believe responds to and settles the issues raised in your letter." The relevant footnote states that "[t]he press report conceded that Panasonic's role in the matter, if any, was 'unclear' and acknowledged Panasonic's denial that it had received a subpoena … Dependable itself concedes that there is no report 'that Panasonic is an ACPERA [amnesty] applicant concerning cartel activity in the Inductor industry.' ECF No. 1, ¶ 9." *See* ECF No. 8, n.3. A true and correct copy of the January 24, 2018 Letter is attached

hereto as **Exhibit 3**.

4. On April 9, 2018, plaintiffs Dependable, Powerweb, Inc., Powerweb Energy, Inc., and Lifetime Service Center sent Requests for the Production of Documents to Defendants, seeking, *inter alia*, "[a]ll Documents that You produced to the United States Department of Justice and/or any other regulatory or government agency, including all Communications relating thereto, in response to or in connection with any investigation relating to Inductors, including (but not limited to) any Documents produced in response to any subpoena issued to You." These requests have been superseded by DPPs' motion. Nonetheless, in an abundance of caution, Panasonic will serve written objections within the time allowed after the parties confer pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). A true and correct copy of the April 9, 2018 Requests for the Production of Documents is attached hereto as **Exhibit 4**.

5. Panasonic has not received a subpoena nor is it a leniency applicant in any DOJ inductors investigation. Accordingly, it has no documents that are responsive to DPPs' Motion. In a letter addressed to Scott D. Hammond (also a partner at Gibson, Dunn & Crutcher LLP and counsel to Panasonic in the above-captioned proceedings) dated April 18, 2018, the DOJ indicated that "Panasonic Corporation is not currently a subject of any Antitrust Division investigation involving inductors." A true and correct copy of the April 18, 2018 DOJ Letter is attached hereto as **Exhibit 5**.

6. On April 26, 2018, a hearing took place before Judge Davila in the District Court for the Northern District of California with respect to the motions to consolidate and appoint interim lead counsel filed by counsel representing DPPs. During the course of oral submissions, and with reference to the article published by mLEX on January 4, 2018 (*see* Ex. 1), counsel Lesley Weaver noted that Dependable's first-filed complaint was filed within a week of "the public announcement of the Department of Justice's [sic] that the Northern District of California had issued subpoenas in this case." Ms. Weaver went on to describe the public announcement as the "sort of development" plaintiffs needed "because you can analyze market dynamics, but until something occurs, you're not going to file your case," and asserted that "you identify the defendants who you believe are participating in the conspiracy based upon market control and the products that they make." A true and correct copy of the April 26, 2018 Hearing Transcript is attached hereto as **Exhibit 6**. *See id*., 9:16–24; 10:24-11:2.

7. On April 28, 2018, interim co-lead counsel for DPPs (Bleichmar Fonti & Auld LLP and Hausfeld LLP) wrote to Panasonic and the other defendants, again seeking production of the DOJ documents and indicating that they planned to file a motion to "conduct early discovery." A true and correct copy of the April 28, 2018 Letter is attached hereto as **Exhibit 7**.

8. During a subsequent telephone call with interim co-lead counsel for DPPs on May 1, 2018, Panasonic explained that DPPs' request for discovery was premature and reiterated that, in any event, it was not involved in the inductors investigation and had not produced any documents to the DOJ.

Executed this 17th day of May, 2018, in Los Angeles, California.

By: /s/ *Daniel G. Swanson*
      Daniel G. Swanson