JAMES L. COOPER (admitted *pro hac vice*)
MICHAEL A. RUBIN (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: 202.942.5000
Facsimile: 202.942.4999
Email: james.cooper@arnoldporter.com
Email: michael.rubin@arnoldporter.com

DANIEL B. ASIMOW (SBN 165661)
MATTHEW H. FINE (SBN 300808)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400
Email: daniel.asimow@arnoldporter.com
Email: matthew.fine@arnoldporter.com

Attorneys for Defendants
TAIYO YUDEN CO. LTD. & TAIYO YUDEN (USA) INC.

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE INDUCTORS ANTITRUST LITIGATION | Case No. 5:18-cv-00198-EJD<br><br>**CERTAIN DEFENDANTS' RESPONSE TO STIPULATION AND PROPOSED ORDER BY UNITED STATES AND DIRECT PURCHASER PLAINTIFFS [ECF 168]** |

On May 23, 2018, the United States Department of Justice ("DOJ") reached a stipulation with Plaintiffs to account for the DOJ's potential objections to Plaintiffs' Motion Regarding Sequencing of Early Discovery (ECF No. 130) and other merits discovery, which were resolved by the stipulation ("DOJ Stipulation") and Plaintiffs' withdrawal of their motion. *See* ECF No. 169 ("Direct Purchaser Plaintiffs' Notice of Withdrawal of Motion to Sequence Early Discovery"). Although on its face the DOJ Stipulation does not purport to address any objections that **Defendants** may have to discovery, the request that the stipulation be "so ordered" has the potential to create ambiguity unless the order properly clarifies that it is without prejudice to any objections Defendants may have. In response to the Court's invitation to Defendants to "file a response to the stipulation regarding discovery," *see* ECF No. 170, Defendants[1] state that they do not object to the Court so ordering the stipulation between the DOJ and Plaintiffs for the purpose of limiting the discovery Plaintiffs may serve ("DOJ Stay"), but Defendants request that the Court do so utilizing the modified proposed order being submitted herewith. The modified proposed order clarifies that the DOJ Stay is so ordered and that it is without prejudice to any objections Defendants may have to discovery.

Pursuant to the DOJ Stipulation, Plaintiffs withdrew their Motion, which was the only motion pending before the Court. *See* DOJ Stipulation ¶ 1; ECF No. 169. That Motion sought an order requiring certain Defendants to produce documents they may have produced to DOJ based on Plaintiffs' contention that this "merits" discovery was necessary for Plaintiffs to draft a plausible consolidated amended complaint by July 2. *See* ECF No. 130 at 1. Plaintiffs have now agreed not to seek that or other "merits" discovery pursuant to the DOJ Stay for at least six months. *See* DOJ Stipulation at 1.

On non-merits discovery, Paragraph 4 the DOJ Stipulation reflects only that "the United

---

[1] Specifically, Defendants Murata Manufacturing Co., LTD.; Murata Electronics North America, Inc.; Panasonic Corporation; Panasonic Corporation of North America; Sumida Corporation; Sumida Electric Co., LTD.; Sumida America Components, Inc.; Taiyo Yuden Co., LTD; Taiyo Yuden (U.S.A.) Inc.; TDK Corporation; TDK-EPC Corporation; TDK Corporation of America; and TDK U.S.A. Corporation (collectively, "Defendants"). By filing this response, Defendants do not waive any of their defenses, including to jurisdiction or service.

1  States does not object" to certain non-merits discovery taking place. *See id.* ¶ 4. Nothing more.
2  There is nothing to "so order" about Paragraph 4. The DOJ does not purport to speak for
3  Defendants' potential objections to any discovery. Nor would the DOJ have standing to do so. *See*
4  DOJ's Mot. to Intervene, ECF No. 159 at 5 (ECF Page 7 of 7) (intervention for the limited purpose
5  of "seeking discovery stay"; intervention "will not . . . prejudice . . . original parties' rights,"
6  quoting Fed. R. Civ. P. 24(b)(3)). The DOJ Stipulation therefore does not address objections based
7  on, for example, relevance of discovery to claims in or defenses to the not-yet-filed operative
8  complaint or the burden on Defendants of discovery before the plausibility of that complaint has
9  been tested under *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (operative complaint
10 must contain sufficient "factual matter" to render "a plausible claim for relief" before the burdens of
11 discovery are imposed on defendants).

12 Plaintiffs sought to justify pre-complaint discovery of existing merits productions to the
13 DOJ on the ground that the request sought "only documents produced . . . to the DOJ" and were
14 "narrow, targeted, and highly relevant" ***to the merits of the conspiracy claims*** to be set forth in the
15 not-yet-filed consolidated amended complaint and argued that requiring the reproduction of existing
16 productions would "lack . . . burden to Defendants." *See* ECF No. 130 at 1, 4. The same cannot be
17 said for documents ***not*** produced to the DOJ on ***non***-merits topics, which is the only discovery not
18 covered by the DOJ Stay. Defendants will respond or object to any non-merits discovery in
19 accordance with the Federal Rules of Civil Procedure, meet and confer with Plaintiffs as required
20 by Local Rule 37-1, and only then may the parties properly present any dispute over that discovery
21 to the Court. *See* N.D. Cal. Rule 37-1 ("The Court will not entertain a request or a motion to
22 resolve a . . . discovery dispute unless . . . counsel have previously conferred."). Nothing about the
23 DOJ Stipulation envisions a departure from this standard and efficient process.

24 In sum, although Defendants do not object to the Court adopting the DOJ Stay envisioned
25 by the DOJ Stipulation, Defendants respectfully request that the Court make clear that it is not
26 purporting to address objections Defendants may raise to any discovery outside the DOJ stay now
27 ///
28 ///

or in the future.

DATED: June 1, 2018                           Respectfully Submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By    */s/ Michael A. Rubin*
                MICHAEL A. RUBIN

James L. Cooper (*pro hac vice*)
Michael A. Rubin (*pro hac vice*)
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone:   202.942.5000
Facsimile:   202.942.4999
Email:            james.cooper@arnoldporter.com
Email:            michael.rubin@arnoldporter.com

Daniel B. Asimow (SBN 165661)
Matthew H. Fine (SBN 300808)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:   415.471.3100
Facsimile:   415.471.3400
Email:            daniel.asimow@arnoldporter.com
Email:            matthew.fine@arnoldporter.com

Attorneys for Defendants
TAIYO YUDEN CO. LTD. & TAIYO YUDEN (USA) INC.

GIBSON, DUNN & CRUTCHER LLP

By    */s/ Daniel G. Swanson*
                DANIEL G. SWANSON

Daniel G. Swanson (SBN 116656)
Frances A. Smithson (SBN 313700)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520
Email:            dswanson@gibsondunn.com
Email:            fsmithson@gibsondunn.com

Scott D. Hammond (*pro hac vice*)
Cynthia E. Richman (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:   415.393.8200
Facsimile:   415.393.8306
Email:            shammond@gibsondunn.com
Email:            crichman@gibsondunn.com

Attorneys for Defendants
PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA

LATHAM & WATKINS LLP

By   */s/ Marguerite M. Sullivan*
       MARGUERITE M. SULLIVAN

Marguerite M. Sullivan (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
Telephone:   202.637.2200
Facsimile:   202.637.2201
Email:          marguerite.sullivan@lw.com
Email:          allyson.maltas@lw.com

Alfred C. Pfeiffer, Jr. (SBN 120965)
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
Telephone:   415.391.0600
Facsimile:   415.395.8095
Email:          al.pfeiffer@lw.com

Attorneys for Defendants
SUMIDA CORPORATION, SUMIDA ELECTRIC CO. LTD., AND SUMIDA AMERICA COMPONENTS INC.


MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Michelle Park Chiu*
       MICHELLE PARK CHIU

Michelle Park Chiu (SBN 248421)
One Market, Spear Street Tower
San Francisco, California  94105-1596
Telephone:   415.442.1000
Facsimile:   415.442.1001
Email:          michelle.chiu@morganlewis.com

Scott A. Stempel (*pro hac vice*)
J. Clayton Everett, Jr. (*pro hac vice*)
Cindy Seunghee Hong (*pro hac vice*)
1111 Pennsylvania Ave., NW
Washington, DC  20004
Telephone:   202.739.3000
Facsimile:   202.739.3001
Email:          scott.stempel@morganlewis.com
Email:          clay.everett@morganlewis.com
Email:          cindy.hong@morganlewis.com

Attorneys for Defendants
TDK (USA) CORPORATION, AND TDK CORPORATION OF AMERICA

|   |   |
|---|---|
| 1 | KIRKLAND & ELLIS LLP |
| 2 | By  */s/ Eliot A. Adelson* |
| 3 | ELIOT A. ADELSON |

Eliot A. Adelson (SBN 205284)
Margaret A. Webb (SBN 319269)
555 California Street
San Francisco, CA  94104
Telephone:   415.439.1400
Facsimile:    415.439.1500
Email:          eadelson@kirkland.com
Email:          margaret.webb@kirkland.com

Tammy A. Tsoumas (SBN 250487)
Heather F. Canner (SBN 292837)
333 South Hope Street
Los Angeles, CA  90071
Telephone:   213.680.8400
Facsimile:    213.680.8500
Email:          ttsoumas@kirkland.com
Email:          heather.canner@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
300 North LaSalle
Chicago, Illinois  60654
Telephone:   312.862.2000
Facsimile:    312.862.2200
Email:          jmutchnik@kirkland.com

Attorneys for Defendants
MURATA ELECTRONICS NORTH AMERICA, INC., AND MURATA MANUFACTURING CO., LTD.

---

-5-

CERTAIN DEFENDANTS' RESPONSE TO DEPARTMENT OF JUSTICE'S
STIPULATION AND PROPOSED ORDER [ECF 168]

5:18-cv-00198-EJD

## **ATTESTATION**

I, Matthew H. Fine, am the ECF User whose identification and password are being used to file this Certain Defendants' Response to Stipulation and Proposed Order by United States and Direct Purchaser Plaintiffs [ECF 168]. I attest under penalty of perjury that concurrence in this filing has been obtained from all counsel.

*/s/ Matthew H. Fine*
MATTHEW H. FINE

## CERTIFICATE OF SERVICE

I hereby certify that, on the 1st day of June 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered in the CM/ECF system.

                                        */s/ Matthew H. Fine*
                                        MATTHEW H. FINE