Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com

Michael P. Lehmann (SBN 77152)
Bonny E. Sweeney (SBN 176174)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
bsweeney@hausfeld.com

*Interim Co-Lead Counsel for the Direct Purchaser Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE INDUCTORS ANTITRUST LITIGATION | Case No. 5:18-cv-00198-EJD <br><br> **JOINT REPORT ON DISCOVERY PLAN PURSUANT TO RULE 26(F) CONFERENCE** |

Consistent with this Court's Order of April 27, 2018 (ECF No. 124 at 8), the Direct Purchaser Plaintiffs ("Plaintiffs") and Defendants[1] submit this report regarding the discovery plan contemplated by Fed. R. Civil Procedure 26(f)(3). The parties conducted a Rule 26(f) conference on May 17, 2018 in person in San Francisco, California.

**Initial Disclosures**. At the Rule 26(f) conference, the parties agreed on an interim basis that initial disclosures could be delayed until the issue of whether discovery would be stayed pursuant to any request by the United States Department of Justice ("DOJ") was resolved. The parties are continuing to confer on a schedule for initial disclosures. It is Defendants' position that the parties should confer 30 days prior to the expiration of any stay requested by the DOJ (to the extent one is ordered by the Court) on initial disclosures. While Plaintiffs do not oppose meeting and conferring thirty days prior to the expiration of the stay, it is Plaintiffs' position that initial disclosure should be exchanged ten days after any such stay expires.

**Timing and Scope of Discovery**. On May 3, 2018, Plaintiffs filed a motion to sequence early discovery that would allow them to obtain documents produced by any Defendant to the DOJ in relation to the DOJ's investigation into Inductors in advance of the filing of a CAC. ECF No. 130.

At the time of the Rule 26(f) conference, no Defendant had responded to Plaintiffs' motion for sequencing. The Defendants did respond later the same day and all opposed Plaintiffs' request. ECF Nos. 146-47. Plaintiffs since have withdrawn that motion as part of a subsequent stipulation with the DOJ. ECF No. 169.

The DOJ moved to intervene in this litigation on May 18, 2018. ECF No. 159. That motion has been granted. ECF No. 163. The DOJ sought a stay of discovery for the next six months. It and Plaintiffs met and conferred and entered into a stipulation pursuant to which the DOJ would not

---

[1] The term "Defendants" refers to those participating in the Rule 26(f) conference held on March 17, 2018. Murata Manufacturing Co., Ltd.; Murata Electronics North America, Inc.; Panasonic Corporation; Panasonic Corporation of North America; Sumida Corporation; Sumida Electric Co., Ltd.; Sumida America Components, Inc.; Taiyo Yuden Co., Ltd.; Taiyo Yuden (U.S.A.) Inc.; TDK Corporation; TDK-EPC Corporation; TDK Corporation of America; and TDK U.S.A. Corporation. Some of the additional defendants identified in other complaints will likely not be named as defendants in any Consolidated Amended Complaint ("CAC") filed in this matter on July 2, 2018, although that determination is still being made.

object to certain limited requests for discovery during the period of the stay. ECF No. 168 at 2-3. The Defendants did not join in that stipulation. Plaintiffs have propounded to Defendants requests for documents under Fed. R. Civ. P. 34. On June 1, 2018, Defendants responded to the proposed stipulation, saying that "they do not object to the Court so ordering the stipulation between the DOJ and Plaintiffs for the purpose of limiting the discovery Plaintiffs may serve ('DOJ Stay'), but Defendants request that the Court do so utilizing the modified proposed order being submitted herewith. The modified proposed order clarifies that the DOJ Stay is so ordered and that it is without prejudice to any objections Defendants may have to discovery." ECF No. 176 at 1.

As of this date, the Court has not ruled on the proposed stipulation between Plaintiffs and the DOJ.

With respect to interrogatories, the parties agreed at the Rule 26(f) conference that they will proceed under the Federal Rules of Civil Procedure and Defendants would apply discovery limitations—*e.g.*, limits on the number of interrogatories—per Defendant group, but would negotiate further if necessary after the filing of the CAC. The Plaintiffs do not intend to serve any interrogatories prior to the filing of the CAC.

With respect to depositions under Fed. R. Civ. P. 30(b)(6), the parties agreed at the Rule 26(f) conference that they will proceed under the Federal Rules of Civil Procedure and, if necessary, will negotiate an agreement after the filing of the consolidated complaint.

**Disclosure, Discovery or Preservation of Electronically Stored Information**. On April 28, 2018 and May 18, 2018, Plaintiffs sent to Defendants drafts of a proposed protective order and a proposal regarding the production of electronically stored information ("ESI"). At the Rule 26(f) conference, Defendants agreed to provide responses. That process is ongoing and Plaintiffs believe an additional Rule 26(f) conference devoted to ESI will need to occur once Defendants have fully reviewed their proposal. Also at the Rule 26(f) conference, the parties acknowledged their respective duties, as imposed by the Court, to preserve documents and to take reasonable steps to preserve all relevant evidence until the parties agreed on a preservation plan. ECF No. 124 at 7-8. Plaintiffs also intend to present to Defendants a proposed preservation plan for their consideration.

**Claims of Privilege and Protection of Trial Preparation Materials**. The parties are meeting and conferring regarding a proposed schedule for the production of privilege logs. The discussion among the parties on any protective order will also address privilege issues. Plaintiffs proposed to Defendants on June 7, 2018 an expert witness protocol that will additionally address the disclosure of certain types of trial preparation materials.

Dated: June 11, 2018

Respectfully submitted,

BLEICHMAR FONTI & AULD LLP

By: /s/ Lesley E. Weaver
Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com


HAUSFELD LLP

By: /s/ Michael P. Lehman
Michael P. Lehmann

Michael P. Lehmann (SBN 77152)
Bonny E. Sweeney (SBN 176174)
Christopher L. Lebsock (SBN 184546)
Samantha Stein (SBN 302034)
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
bsweeney@hausfeld.com
clebsock@hausfeld.com
sstein@hausfeld.com

*Interim Co-Lead Counsel for the Direct Purchaser Class*

**KIRKLAND & ELLIS LLP**

By: _____/s/ Eliot A. Adelson_____
                  Eliot A. Adelson

Eliot A. Adelson
555 California Street
27th Floor
San Francisco, CA 94104
Email: eadelson@kirkland.com

James Mutchnik
300 North LaSalle Street
Chicago, IL 60654
Email: james.mutchnik@kirkland.com

*Attorneys for Defendants Murata Electronics North America, Inc. and Murata Manufacturing Co., Ltd.*

**GIBSON DUNN & CRUTCHER LLP**

By: _____/s/ Daniel G. Swanson_____
                  Daniel G. Swanson

Daniel G. Swanson (SBN 116656)
Frances A. Smithson (SBN 313700)
333 South Grand Avenue
Los Angeles, California 90071
Tel: (213) 229-7000
Fax: (213) 229-7520
dswanson@gibsondunn.com
fsmithson@gibsondunn.com

Scott D. Hammond (*pro hac vice*)
Cynthia E. Richman (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: (415) 393-8200
Fax: (415) 393-8306
shammond@gibsondunn.com
crichman@gibsondunn.com

| | |
|---|---|
| 1 | *Attorneys for Defendants Panasonic Corporation of North America; and Panasonic Corporation* |
| 2 | |
| 3 | |
| 4 | **LATHAM & WATKINS LLP** |
| 5 | By: _____/s/ Marguerite Sullivan_____<br>Marguerite Sullivan |
| 6 | |
| 7 | Marguerite Sullivan (*pro hac vice*)<br>Allyson M. Maltas (*pro hac vice*) |
| 8 | 555 Eleventh St., NW<br>Washington, D.C. 20004 |
| 9 | Tel: (202) 637-2200<br>Fax: (202) 637-2201 |
| 10 | marguerite.sullivan@lw.com |
| 11 | Alfred Carroll Pfeiffer, Jr. |
| 12 | Latham & Watkins LLP<br>505 Montgomery Street, Suite 2000 |
| 13 | San Francisco, CA 94111 |
| 14 | *Attorney for Defendants Sumida America Components, Inc.; Sumida Corporation; and Sumida Electric Co., Ltd.* |
| 15 | |
| 16 | |
| 17 | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| 18 | |
| 19 | By: _____/s/ James L. Cooper_____<br>James L. Cooper |
| 20 | |
| 21 | Daniel B. Asimow<br>Three Embarcadero Center, 10th Floor |
| 22 | San Francisco, CA 94111-4024<br>Email: daniel.asimow@arnoldporter.com |
| 23 | |
| 24 | James L. Cooper<br>Michael Adam Rubin |
| 25 | 601 Massachusetts Ave., NW<br>Washington, DC 20001 |
| 26 | Email: James.Cooper@apks.com<br>Email: michael.rubin@apks.com |
| 27 | |
| 28 | |

| | |
|---|---|
| 1 | WEIL GOTSHAL & MANGES LLP |
| 2 | Steven A. Reiss (*pro hac vice*) |
|   | Adam C. Hemlock (*pro hac vice*) |
| 3 | Lara E. Veblen Trager (*pro hac vice*) |
| 4 | 767 Fifth Avenue |
|   | New York, New York 10153-0119 |
| 5 | Tel: (212) 310-8000 |
|   | Fax: (212) 310-8007 |
| 6 | steven.reiss@weil.com |
|   | adam.hemlock@weil.com |
| 7 | lara.trager@weil.com |

*Attorneys for Defendants Taiyo Yuden (U.S.A.) Inc. and Taiyo Yuden Co., Ltd.*

**MORGAN LEWIS & BOCKIUS LLP**

By: _____/s/ Colin C. West_____
          Colin C. West

Colin C. West (SBN 184095)
One Market
Spear Street Tower
San Francisco, California 94105-1596
Tel: (415) 442-1000
Fax: (415) 442-1001
colin.west@morganlewis.com

J. Clayton Everett, Jr. (*pro hac vice*)
Scott A. Stempel (*pro hac vice*)
Greta L. Burkholder (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
San Francisco, California
Tel: (202) 739-3000
Fax: (202) 739-3001
clay.everett@morganlewis.com
scott.stempel@morganlewis.com
greta.burkholder@morganlewis.com

*Attorney for Defendants TDK U.S.A. Corporation; TDK Corporation; TDK-EPC Corporation; and TDK Corporation of America*

Pursuant to Civil L. R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories above.

Date: June 11, 2018

                                                                        */s/ Matthew S. Weiler*
                                                                           Matthew S. Weiler