Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com

Michael P. Lehmann (SBN 77152)
Bonny E. Sweeney (SBN 176174)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
bsweeney@hausfeld.com

*Interim Co-Lead Counsel for the Direct Purchaser Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| IN RE INDUCTORS ANTITRUST LITIGATION | Case No. 5:18-cv-00198-EJD-NC<br><br>**PLAINTIFFS' OPPOSITION TO PANASONIC DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SEPARATE BRIEFING**<br><br>U.S. District Judge Edward J. Davila |
|---|---|

The Direct Purchaser Plaintiffs ("DPPs") hereby oppose the Panasonic Defendants' ("Panasonic") motion for leave to file an additional brief—which is effectively a motion for reconsideration—for the following reasons.

Just recently, Judge Haywood S. Gilliam of this district said from the bench: "[a]nd sitting in this seat, I think we end up with more work generated by *Twombly* than *Twombly* has saved. So every time we get a motion to dismiss, and there's always a complaint that it doesn't meet *Twombly*." Aug. 16, 2018 Hr'g Tr. at 4 in *Big Baboon, Inc. v. SAP Am., Inc.*, No. C 17- 02082 HSG (EDL) (N.D. Cal.). The present motion to file an additional brief by Panasonic only exemplifies this tendency.

The Court will recollect that the parties previously filed a stipulation that the Defendants would file one 30-page common motion to dismiss, plus one ten page individual brief for each corporate family of Defendants (a total of 100 pages), the Plaintiffs would file one omnibus opposition equal in total length and the Defendants would file one common reply of 25 pages and individual replies of seven pages each (a total of 74 pages). ECF No. 193. This stipulation was filed after extensive negotiations with Defendants, and ultimately Plaintiffs conceded out of professional courtesy. The Court justifiably rejected having this deluge of filings. Instead, it ordered Defendants to file a single 30-page motion, gave Plaintiffs a 30-page opposition, and Defendants a single 20-page reply. ECF No. 194 at 2 ("Scheduling Order"). This ruling was generous; the parties collectively were allowed a total of 15 pages beyond what the Civil Local Rules require. The Court clearly wanted no separate briefs at each phase of the pleading and no additional pages to read. Plaintiffs accept and will abide by that ruling. Panasonic obviously does not.

Instead, plainly dissatisfied by what the Court ruled, Panasonic now wants the Court to revisit its prior order and allow Panasonic to file a separate seven-page individual motion to dismiss and a separate five-page reply. This is essentially a motion for reconsideration, which is strongly disfavored under N.D. Cal. L.R. 7-9. Panasonic has provided no sound reason as to why this request should be granted. It does not explain why it could not briefly make its argument in a

separate section of Defendants' joint 30-page motion to dismiss. If Panasonic's request is granted, the Court can rest assured that other Defendants will be emboldened to seek their own piecemeal relief from the prior Scheduling Order.

Panasonic's purportedly "separate" arguments are that (a) a complaint must demonstrate that it joined the conspiracy, but it is a minor producer of Inductors; (b) Inductors is a competitive market; (c) Plaintiffs lack standing to sue under the *Illinois Brick* doctrine; and (d) the claims are barred by the Foreign Trade Antitrust Improvements Act ("FTAIA"). ECF No. 207 at 3-4. Plaintiffs expect that the other Defendants will be making all or most of the same arguments. So what Panasonic *really* wants is the ability to expand on these arguments in a brief that it alone controls.

This filing is not the place to launch into a detailed refutation of Panasonic's various arguments. The Consolidated Amended Complaint ("CAC") explains at length that: (a) the Inductors market has been tainted by cartel behavior (ECF No. 184 at ¶¶ 6-13, 147-57); (b) Panasonic (through at least eleven different people) participated in meetings of the Japan Electronics & Information Technology Association at which confidential information concerning, *inter alia*, price was shared among competing manufacturers of Inductors (*id.* at ¶¶ 168-78); (c) import commerce not protected by the FTAIA is present here, and Defendants deliberately targeted United States buyers of Inductors (*id.* at ¶¶ 69-101). The CAC further alleges an overall class with two subclasses (those who bought stand-alone Inductors from one or more Defendants and those who bought products containing Inductors from one or more Defendants) (*id.* at ¶ 224) and both subclasses own a cause of action for damages under the Clayton and Sherman Acts. And, as for Panasonic's being an allegedly minor player in the market (an assertion that some other Defendants might make as well), a plaintiff

> "need show neither direct contact nor explicit agreement among all of the alleged conspirators." *United States v. Reese*, 775 F.2d 1066, 1071 (9th Cir. 1985). Nor must the [plaintiff] show "that each defendant or all defendants must have participated in each act or transaction." *Esco [v. United States]*, 340 F.2d [1000] at 1006 [(9th Cir. 1965)]. Involvement "in but two of ten allegedly conspirational [sic] situations does not absolve [a defendant] from participation in the entire conspiracy if its involvement in the two was unlawful and knowingly and

purposely performed." *Id.* at 1008. Nor can a single defendant "join a continuing conspiracy long after others have commenced it, or partially carried it out, and thereby claim immunity either for his actions, or for those of others taking place before or after his active participation, *as long as he remains an active participant*." *Id.* at 1006.

*Arandell Corp. v. Centerpoint Energy Servs., Inc.*, No. 16-17099, 2018 WL 3716026, at *7 (9th Cir. Aug. 6, 2018) (emphasis in original).

For all of the foregoing reasons, Panasonic's administrative motion should be denied. If, however, the Court is inclined to grant the motion, it should modify the Scheduling Order and give Plaintiffs permission to file a 37-page omnibus opposition brief to the motions to dismiss.

Dated: September 12, 2018

Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley E. Weaver*
    Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com

**HAUSFELD LLP**

By: */s/ Michael P. Lehmann*
    Michael P. Lehmann

Michael P. Lehmann (SBN 77152)
Bonny E. Sweeney (SBN 176174)
Christopher L. Lebsock (SBN 184546)
Samantha Stein (SBN 302034)
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

mlehmann@hausfeld.com
bsweeney@hausfeld.com
clebsock@hausfeld.com
sstein@hausfeld.com

*Interim Co-Lead Counsel for the Direct Purchaser Class*