1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ROXANE A. POLIDORA (CA Bar No. 135972)
2  roxane.polidora@pillsburylaw.com
   JACOB R. SORENSEN (CA Bar No. 209134)
3  jake.sorensen@pillsburylaw.com
4  Four Embarcadero Center, 22nd Floor
   San Francisco, CA  94111
5  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
6
7  Attorneys for Defendants
   TOKIN CORPORATION and TOKIN AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE INDUCTORS ANTITRUST LITIGATION | Case No. 5:18-cv-00198-EJD<br><br>**DEFENDANTS TOKIN CORPORATION AND TOKIN AMERICA INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SEPARATE BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>U.S. District Judge Edward J. Davila |
|---|---|

Defendants TOKIN Corporation ("TC") and TOKIN America, Inc. ("TAI") (collectively, "TOKIN") file this administrative motion pursuant to Civil Local Rule 7-11 seeking leave to file a separate brief of no more than five pages in support of a motion to dismiss Plaintiffs' Consolidated Amended Complaint ("CAC") on grounds that are specific to TOKIN. TOKIN will not duplicate arguments that are covered in the common brief submitted on behalf of all Defendants. TOKIN also seeks leave to file a reply of no more than three pages.

**I.  BACKGROUND**

The first complaint in this action was filed January 9, 2018. *See Dependable Component Supply Corp. v. Murata Manufacturing Ltd.*, et al., Case No. 5:18-cv-198-EJD (N.D. Cal.), Dkt. 1. Six other related antitrust lawsuits were subsequently filed. TOKIN was named as a defendant in only two of these: (1) *Five Rivers Electronic Innovations LLC v. Kemet Corp., et al.*, Case No. 5:18-cv-00851-EDJ (N.D. Cal.), Dkt. 1, filed February 8, 2018 ("*Five Rivers*"), and (2) *Inductors, Inc. v. Kemet Corp., et al.*, Case No. 5:18-cv-02175-EJD (N.D. Cal.), Dkt. 1, filed April 11, 2018 ("*Inductors, Inc.*").

On April 27, 2018, *Five Rivers* and *Inductors, Inc.* were consolidated by court order with the other five related lawsuits. *See* Dkt. 124. Pursuant to this Court's consolidation order, the *Five Rivers* and *Inductors, Inc.* matters are closed. *See* Dkt. 124.

In the consolidation order, the Court appointed co-lead interim counsel for the putative plaintiff class. Dkt. 124. On May 3, 2018, lead counsel informed TOKIN's counsel that they did not intend to name TOKIN as a defendant in the consolidated amended complaint. Decl. of Jacob R. Sorensen, filed herewith ("Sorensen Decl."), ¶ 2. As a result, TOKIN ceased participating in the litigation at that time. Plaintiffs served discovery requests and engaged in other litigation activities in May, but did not include TOKIN. *Id.*, ¶ 3.

On July 2, 2018, Plaintiffs filed the CAC. *See* Dkt. 184. Five Rivers Electronic Innovations LLC and Inductors, Inc., the only plaintiffs that had sued TOKIN prior to the consolidation order, are not listed as plaintiffs in the CAC. *See id.*

- 1 -

TOKIN'S ADMINISTRATIVE MOTION
FOR LEAVE TO FILE A SEPARATE BRIEF
CASE NO. 18-cv-00198-EJD

Nevertheless, the CAC includes TOKIN as a defendant. The allegations against it are, to say the least, sparse. They include (1) claims regarding price-fixing of *capacitors* by "NEC Tokin" in a different case, (2) a conclusory statement that TC "sold and distributed Inductors manufactured by it either directly or through its business units, subsidiaries, agents or affiliates" and (3) another conclusory statement that TAI "sells Inductors made by" TC. *Id*. at ¶¶ 58-63. Although the CAC has allegations about other defendants' market shares, it does not even attempt to measure TOKIN's market share—presumably because it is minimal. *See*, *e.g.*, CAC ¶ 122 (chart reflecting market share of every defendant in named in the CAC, except TOKIN, Sagami Elec Co., Ltd., and Sagami America, Ltd.). Plaintiffs also make broad allegations with regard to TOKIN's (and other defendants') participation in a lawful and well-established trade group called JEITA, but they do not identify specific misconduct that occurred at those meetings or any agreements by TOKIN to join in any unlawful activity. *See* CAC ¶¶ 163-82.

On August 15, 2018, Plaintiffs and Defendants filed a joint stipulation regarding the briefing schedule for Defendants' motions to dismiss the CAC. *See* Dkt. 193. The parties agreed, subject to the Court's approval, that Defendants would file a common motion to dismiss, supported by a brief not to exceed 30 pages. *Id*. TOKIN agreed to the 30-page limit on the joint memorandum because the stipulation also provided that TOKIN (like the other Defendants) had the option to file an individual brief of up to ten pages. The parties submitted a proposed order reflecting those terms for the Court's approval. On August 21, 2018, the Court granted the joint stipulation in part. *See* Dkt. 194. The Court authorized Defendants to file a 30-page brief in support of a common motion but struck the portion of the proposed order providing for individual briefs. *Id*. at 3.

On September 10, 2018, Panasonic Corporation and Panasonic Corporation of North America ("Panasonic") filed an administrative motion requesting leave to file a separate brief in support of the motion to dismiss ("Panasonic's Administrative Motion"). Dkt. 207. Plaintiffs filed an Opposition on September 12, 2018 ("Plaintiffs' Opposition"). Dkt. 208.

TOKIN seeks similar relief so that TOKIN may make different, TOKIN-specific arguments in its motion to dismiss.

On September 14, 2018, TOKIN's outside counsel called Plaintiffs' counsel and left a detailed message regarding this motion; Plaintiffs' counsel did not respond. Sorensen Decl., ¶ 4.

## II. ARGUMENT

Plaintiffs' allegations must be evaluated as to each individual defendant. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (granting individual defendants' motions to dismiss where allegations were "insufficient to put specific defendants on notice of the claims against them"). An antitrust complaint "must allege that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it." *Id*. "[G]eneral allegations as to all defendants, to 'Japanese defendants,' or to a single corporate entity such as 'Hitachi' is insufficient to put specific defendants on notice of the claims against them. *See id.*

TOKIN is in a unique position. TOKIN was not originally named in this action or in any of the various lawsuits initially filed by these named plaintiffs. TOKIN represents only a small share of the inductors market. TOKIN is also not involved in any DOJ investigation (or any other regulator investigation) in the inductors market. Indeed, the only allegations against TOKIN that TOKIN is aware of relating to inductors are in the CAC. Accordingly, TOKIN seeks leave of Court to file a non-duplicative brief of up to five pages (and, if Plaintiffs file an opposition, a three-page reply) to address the allegations that are unique to TOKIN.

Plaintiffs' Opposition to Panasonic's Administrative Motion makes two arguments: (1) Panasonic's Administrative Motion is tantamount to a motion for reconsideration of this court's scheduling order (Dkt. 194); and, (2) Panasonic purportedly "does not explain why it could not briefly make its argument in a separate section of Defendants' joint 30-page motion to dismiss." Plaintiffs' Opposition at 1-2.

1	        The Court's Scheduling Order was issued in response to a stipulation and without consideration of the defendants' individual positions. As a result, the Court has not heard from TOKIN as to why TOKIN wishes to make a short separate submission focusing on its unique circumstances before TOKIN is swept into a significant litigation in which it does not belong. TOKIN is not seeking reconsideration, but is instead submitting its position for the first time, which is consistent with Court's rules. *See* Civil L.R. 16-2(d) ("Relief from Case Management Schedule. By serving and filing a motion with the assigned judge pursuant to Civil L.R. 7, a party, including a party added later in the case, may seek relief from an obligation imposed by Fed. R. Civ. P. 16 or 26 or the Order Setting Initial Case Management Conference."); Civil L.R. 7-11 (procedures for seeking leave to exceed page limitations).

        The common issues among the defendants are expected to fill the entirety of the 30 pages allocated by the Court, and the other defendants do not wish to make arguments unique to TOKIN in that brief. TOKIN seeks the opportunity to present its unique issues in very brief compass. Under the Local Rules, TOKIN would ordinarily be entitled to file a 25-page brief in support of a motion to dismiss (Civil L.R. 7-2(b)) and a 15-page reply (Civil L.R. 7-3(c)). The Order regarding common defense briefing added only five pages to these page limits, to be shared by seven defendant groups. Dkt. 194. Under similar circumstances, courts have authorized individual defendants to file separate briefs directed to issues distinctive to those defendants. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d at 1116-17. TOKIN will be unduly prejudiced if it is confined to the common arguments raised in the joint brief and denied any opportunity to brief its own challenges to the CAC.

1  **III.   CONCLUSION**

2        For the foregoing reasons, TOKIN requests that the Court grant it leave to file a

3  memorandum of up to five pages in support of its separate motion to dismiss the CAC, as

4  well as a reply of up to three pages.

5  Dated: September 17, 2018.

6                            PILLSBURY WINTHROP SHAW PITTMAN LLP
                             ROXANE A. POLIDORA
7                            roxane.polidora@pillsburylaw.com
                             JACOB R. SORENSEN
8                            jake.sorensen@pillsburylaw.com
                             Four Embarcadero Center, 22nd Floor
9                            San Francisco, CA 94111

10

11                            By:       */s/ Jacob R. Sorensen*
                                      Jacob R. Sorensen
12                            Attorneys for Defendants TOKIN CORPORATION
                             and TOKIN AMERICA, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28