Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com

Michael P. Lehmann (SBN 77152)
Bonny E. Sweeney (SBN 176174)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
bsweeney@hausfeld.com

*Interim Co-Lead Counsel for the Direct Purchaser Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE INDUCTORS ANTITRUST LITIGATION | Case No. 5:18-cv-00198-EJD-NC<br><br>**PLAINTIFFS' OPPOSITION TO PANASONIC, SUMIDA, SAGAMI, AND TOKIN'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>[Local Rule 72-2]<br><br>Hon. Edward J. Davila |

1    On September 6, 2018, Magistrate Judge Cousins issued an order (ECF No. 205
2    (the "Order")) denying all Defendants' joint request for a stay of effectively all discovery
3    pending resolution of Defendants' motions to dismiss, now set to be heard on March 7,
4    2019 (ECF No. 194 at 2). Judge Cousins correctly held that such a stay was not warranted,
5    particularly where no Defendant presented any burden argument. Defendants' primary
6    objection for review is that they should not have to produce discovery because they predict
7    this Court will grant their yet-to-be-filed motions to dismiss Plaintiffs' Consolidated
8    Amended Complaint ("CAC") (ECF No. 210) on all claims without leave to amend.
9    Only four of the seven Defendants who originally moved to stay discovery —
10   Panasonic, Sumida, Tokin and Sagami (the Moving Defendants or "MDs") — seek review
11   of Judge Cousins' Order, primarily citing Judge Cousins' alleged improper reliance on the
12   existence of an investigation by the United States Department of Justice ("DOJ") in
13   determining if discovery should proceed and alleged burden. There was no error of law or
14   fact, and these Defendants' motion thus should be denied. *See Monolithic Power Sys., Inc.*
15   *v. 02 Micro Intern. Ltd.*, C 04-2000 CW, 2006 WL 2595932, at *1 (N.D. Cal. Sept. 11,
16   2006) ("[t]he standard of review on a motion to reconsider a Magistrate Judge's ruling on a
17   discovery matter is whether that ruling was clearly erroneous or contrary to law.").
18   **Defendants Failed To Meet Their Burden To Show Plaintiffs' Claims Will Be**
19   **Dismissed With Prejudice.** Judge Cousins' Order must be sustained because it correctly
20   applies controlling law in concluding that Defendants did not meet their burden to stay
21   discovery. The Order ruled that the CAC is not "clearly frivolous" and "[n]o motion to
22   dismiss has been filed yet and it is not clear that the plaintiff will be unable to state a claim
23   for relief." ECF No. 205 at 1.
24   A motion to dismiss is potentially dispositive only where it would result in
25   dismissal without leave to amend. *Singh v. Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL
26   10807598, at *2 (N.D. Cal. Nov. 4, 2016) (dismissal with leave to amend "render[s] [a]
27
28

motion [to dismiss] not dispositive").[1]  Federal Rule of Civil Procedure 15(a)(2) counsels that "[t]he court should freely give leave when justice so requires." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*) (finding district court abused its discretion in denying leave to amend in securities fraud class action where the district court's second dismissal was with prejudice based on plaintiff "ha[ving] had 'three bites at the apple'").  This policy is "'to be applied with extreme liberality.'" *Id.*  Accordingly, dismissal without leave to amend is appropriate only where the complaint "'could not possibly be cured by the allegation of other facts.'" *Levine v. Safeguard Health Enters., Inc.*, 32 F. App'x 276, 278 (9th Cir. 2002) (finding district court abused its discretion by denying leave to amend first amended complaint based on "'Plaintiff ha[ving] already had one opportunity to amend his Complaint'").  "A party's judgment that a dispositive motion warrants a stay may suffer from over-confidence in the motion's merits." *Carver Int'l, Inc. v. Surfskate Indus., LLC*, No. SACV 15-1348 AG (DFMx), 2016 WL 10576697, at *5 (C.D. Cal. May 25, 2016).  That is the case here.  Thus, the Order should be sustained on this ground alone.

The Order should also be sustained because motions to stay discovery "are disfavored." *Qwest Commc'ns Corp. v. Herakles, LLC*, No. 2:07-cv-00393-MCE-KJM, 2007 WL 2288299, at *2 (E.D. Cal. Aug. 8, 2007).  In determining whether to grant a stay, courts are guided by the principle that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  *See also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).  For decades, the black letter law has been that the party seeking to stay discovery "carries the heavy burden of making a 'strong showing' why discovery should be

---

[1] *Accord Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Res. Dev. Servs., Inc.*, No. C 10-01324 JF (PVT), 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010); *Cruz v. Wabash Nat. Corp.*, No. 2:12-cv-01627-JAD-CWH, 2013 WL 6837717, at *2 (D. Nev. Dec. 26, 2013).  *See also Apple In-App Purchase Litig.*, No. 5:11-CV-01758 EJD, 2012 U.S. Dist. LEXIS 18970, at *4-5 (N.D. Cal. Feb. 15, 2012) (denying motion to stay, in part because "even if the court were to grant Defendant's motion to dismiss, it is not unreasonable to assume that it would grant leave to amend pleadings" and noting "there is greater benefit to allowing discovery to proceed at this time as it would promote the court's interest, as well as that of the public, in judicial efficiency and timely resolution of litigation").

1  denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship*
2  *v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)); *see also In re Nexus 6P Prod. Liab. Litig.*,
3  No. 17-CV-02185-BLF, 2018 WL 3036734, at *1 (N.D. Cal. June 19, 2018) (same).
4        When the moving party seeks to stay discovery pending resolution of a potentially
5  dispositive motion, it must show more than the possibility that the pending motion will
6  moot further discovery.  *See Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630
7  JAM KJN, 2011 WL 489743, at *8 (E.D. Cal. Feb. 7, 2011).  Rather, a stay may be
8  granted only when the court is "convinced" the plaintiff will be unable to state a claim for
9  relief.  *Kor Media Grp.*, 294 F.R.D. at 581. As one court has said, "[a]s a general matter,
10 the court does not stay discovery or refrain from setting case management dates in cases
11 where a motion to dismiss is pending unless a party provides a good reason for doing so.
12 Were the court's practice otherwise, some cases would remain pending for a year or more
13 before any case management dates were set or progress on the litigation made." *Vista del*
14 *Sol Health Care Servs., Inc. v. Nat'l Labor Relations Bd.*, No. CV 14-02193 MMM
15 (FFMx), 2014 WL 12631660, at *2 (C.D. Cal. May 16, 2014).  The Court should decline
16 the MDs' request to engage in similar delay here.
17       **Proper Weight Was Given To The DOJ Investigation**.  Defendants argue that
18 Judge Cousins erred by considering the DOJ investigation in the Order.  *See* ECF No. 211
19 at 2-3.  It is not surprising that Defendants cite no case that supports their contention that a
20 DOJ investigation has no bearing on whether *a complaint is frivolous*.  Defendants'
21 reliance on authorities concerning pleading standards have no application here.
22       Regardless, Plaintiffs' CAC and the Order rely on more than the fact of the DOJ
23 investigation.  The CAC mentions it, but that is only three paragraphs out of a 243-
24 paragraph-complaint.  As Plaintiffs argued in their discovery letter to Judge Cousins, "[t]he
25 CAC is very detailed (laying out the 'who,' 'what,' 'where,' 'when,' and 'why' of the
26 alleged conspiracy) and highly plausible, meeting the standard applied to other similar
27 cases where documents turned over to regulators have not yet been produced. CAC ¶¶ 187-
28 209." ECF No. 195 at 2.  Judge Cousins never mentioned the DOJ *subpoenas* in his Order,

1  instead saying the CAC was neither "frivolous" nor a "fishing expedition,". especially to
2  the extent that an entire stay of the case was requested.  ECF No. 205 at 2.  The Order is
3  clearly well-supported in fact and law.

4  **Defendants Are Not Prohibited From Moving To Dismiss**.  Defendants'
5  contention that the Order penalizes them for not having motions to dismiss on file (ECF
6  No. 211 at 4) ignores the plain terms of the Order.  Judge Cousins ruled that Defendants
7  failed to show Plaintiffs' complaint was frivolous because "[n]o motion to dismiss has
8  been filed yet **and** it is not clear that the plaintiff will be unable to state a claim for relief."
9  *Id.* (emphasis added).  Given that Defendants themselves asked for more time to file such
10 motions, this argument is transparently absurd.

11 The Order properly declined to pre-judge the underlying dispositive motion when
12 ruling on a motion to stay; such an approach "would circumvent the procedures for
13 resolution of such a motion." *Gray*, 133 F.R.D. at 40.[2]  Where a "[p]laintiff has not yet
14 responded to the motion to dismiss . . . , the Court cannot, by a 'preliminary peek,' assess
15 the merits of the motion." *Singh*, 2016 WL 10807598, at *2.  Courts that have ruled on
16 motions to stay filed in the same procedural posture as the instant matter routinely deny
17 such motions unless the complaint is patently "frivolous." *Gray*, 133 F.R.D. at 40.  In
18 other words, "'[t]here must be no question in the court's mind that the dispositive motion
19 will prevail, and therefore, discovery is a waste of effort.'"  *Christensen v. Ocwen Loan*
20 *Serv., LLC*, No. 2:16-cv-01200-GMN-NJK, 2016 WL 9558936, at *1 (D. Nev. Aug. 17,
21 2016) (emphasis in original).  "Th[is] standard is not easily met."  *Kor Media Grp.*, 294

---

[2] *See Singh*, 2016 WL 10807598, at *2 (denying motion to stay, finding it could not peek at the merits of the motion to dismiss in the absence of plaintiff's opposition brief); *Brooks v. Motsenbocker Advanced Devs., Inc*., No. 07cv773 BTM (NLS), 2008 WL 698470, at *3 (S.D. Cal. Mar. 14, 2008) (denying motion to stay discovery where the pending dispositive "motion is not fully briefed yet"); *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc*., No. 2:06-cv-0549, 2008 WL 641252, at *2 (S.D. Ohio Mar. 4, 2008) ("if the [potentially dispositive] question is fairly debatable, a party should not be permitted to use a motion raising that question as an absolute bar to discovery").

1  F.R.D. at 583. "'Absent extraordinary circumstances, litigation should not be delayed

2  simply because a non-frivolous motion has been filed.'" *Id.*

3  **Burden Arguments Were Properly Rejected**. MDs complain that the Order fails

4  to heed their conclusory burden arguments. As an initial matter, these arguments are not

5  appropriately considered in the standard set forth in *Singh* and other cases concerning a

6  stay of discovery. But more to the point, Defendants have up to now refused to meet and

7  confer on nearly every substantive issue in this case to date. They have only themselves to

8  blame for declining Plaintiffs' repeated offers to meet and confer on burden.

9  The scope of the requested discovery carefully tracks what was permitted in the

10  stipulation entered into in the *Cathode Ray Tubes* antitrust litigation. ECF No. 379 in *In re*

11  *Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917 (N.D. Cal. Sept. 12, 2008).

12  Panasonic was a signatory to that stipulation, which was entered long into before a ruling

13  on motions to dismiss. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d

14  1011 (N.D. Cal. 2010). Defendants' claims of burden therefore ring hollowly. Any

15  alleged burdens can be dealt with through meet and confers held pursuant to Fed. R. Civ.

16  P. 26. In short, the claim of burden is a pretext to avoid discovery and does not justify

17  reversal of the Order.

18  **Conclusion**. For all of the foregoing reasons, Judge Cousins' Order denying a stay

19  of discovery should be upheld, and the MDs should be compelled to "commence

20  immediately" non-merits discovery (in the words of that Order).

21

22  Dated: September 17, 2018

23  Respectfully submitted,

24  **BLEICHMAR FONTI & AULD LLP**

25  By: */s/ Lesley E. Weaver*
26  Lesley E. Weaver

27  Lesley E. Weaver (SBN 191305)
   Matthew S. Weiler (SBN 236052)
28  555 12th Street, Suite 1600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com

**HAUSFELD LLP**

By: */s/ Michael P. Lehmann*
    Michael P. Lehmann

Michael P. Lehmann (SBN 77152)
Bonny E. Sweeney (SBN 176174)
Christopher L. Lebsock (SBN 184546)
Samantha Stein (SBN 302034)
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
bsweeney@hausfeld.com
clebsock@hausfeld.com
sstein@hausfeld.com

*Interim Co-Lead Counsel for the Direct Purchaser Class*