1   Lesley E. Weaver (SBN 191305)
2   Matthew S. Weiler (SBN 236052)
    BLEICHMAR FONTI & AULD LLP
3   555 12th Street, Suite 1600
    Oakland, CA 94607
4   Tel.: (415) 445-4003
    Fax: (415) 445-4020
5   lweaver@bfalaw.com
    mweiler@bfalaw.com
6
7   Michael P. Lehmann (SBN 77152)
    Bonny E. Sweeney (SBN 176174)
8   HAUSFELD LLP
    600 Montgomery Street, Suite 3200
9   San Francisco, CA 94111
    Tel: (415) 633-1908
10  Fax: (415) 358-4980
    mlehmann@hausfeld.com
11  bsweeney@hausfeld.com
12
13  *Interim Co-Lead Counsel for the Direct Purchaser Class*

14  [Additional Counsel on Signature Page]

15              **UNITED STATES DISTRICT COURT**

16           **NORTHERN DISTRICT OF CALIFORNIA**

17  | IN RE INDUCTORS ANTITRUST LITIGATION | Case No. 5:18-cv-00198-EJD-NC |

18                                         **STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER**

19

20

21

22

23

24

25

26

27

28

## STIPULATED PROTECTIVE ORDER

### 1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties further acknowledge and agree that Disclosure or Discovery Material, as that term is defined herein, shall be used solely for the prosecution or defense of this action, and not for any other purpose.

### 2.  DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" shall mean any information, testimony, or tangible thing produced during discovery that reveals a trade secret, confidential research, analysis, development, or commercial or business information that is commercially sensitive, and has not been released into the public domain (unless through unauthorized disclosure), in accordance with Federal Rule of Civil Procedure 26(c); personal information that is protected from disclosure by statute, regulation, or is otherwise entitled to protection from public disclosure; and any other information for which a

good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law; or information required by agreement to be kept confidential; or any material that, if disclosed, is likely to create a substantial risk of significant competitive or commercial disadvantage.

(a)  "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items:  extremely sensitive Information or Items, production of which to another Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. By way of example only, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY information includes: transactional sales data; trade secrets; sensitive and non-public research or analysis; customer information; financial, marketing, or strategic business planning information;, current or future pricing information; information relating to research, development, testing of, or plans for existing or proposed future products; information relating to the processes, apparatus, or analytical techniques used by a party or non-party in its present or proposed commercial production of such products; information relating to pending or abandoned patent applications which have not been made available to the public; personnel files; and communications that constitute, incorporate, summarize, or reference any HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY material.

(b)  Counsel (without qualifier):  Outside Counsel and In-House Counsel, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks, investigators, and other support staff).

(c)  Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

(d)  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

(e) <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

(f) <u>In-House Counsel</u>:  attorneys who are employees of a party to this action and non-attorney legal/risk managers associated with the legal department of a Party to this litigation that is located outside of the United States who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>, as well as their support staff (including but not limited to attorneys, paralegals, secretaries, law clerks and investigators).  In-House Counsel does not include Outside Counsel.

(g) <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(h) <u>Outside Counsel</u>:  attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this litigation (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators) who are not employees of a Party to this action but are retained to represent or advise a Party to this action.

(i) <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

(j) <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

(k) <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(l) <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

(m) <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information:

(a)     any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and

(b)     any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial or any other in-court proceeding shall be governed by a separate agreement or order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.

Indiscriminate designations are prohibited. Designations that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to

impose unnecessary expenses and burdens on other parties) may be a basis for a party to file a motion seeking sanctions against the Designating Party.  Parties and Non-Parties are obligated to confer before any motion under this paragraph is filed, and the Designating Party shall have a reasonable opportunity to cure any over designation.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation and provide a new copy of the Discovery Material with the proper confidentiality designation (if any).

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Failure to do so, however, in no way waives or limits the right of the Producing Party to later amend its designation to assert confidentiality or to increase the level of protection.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –  OUTSIDE COUNSEL'S EYES ONLY" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" legend to each page that contains

Protected Material.

(b)      for testimony given in deposition, that all deposition testimony be automatically treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," in recognition of the fact that this case inherently involves competitively sensitive information among competitors and customers.  That designation shall remain in place until 45 days after the court reporter publishes the final deposition transcript, at which time the Designating Party shall provide appropriate designations.  Reasonable requests for additional time to make final confidentiality designations should be liberally granted.  Exhibits to any deposition shall retain the confidentiality designation applicable to that exhibit independent of its use as an exhibit (e.g., a document produced by a defendant as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall retain that designation without further designation; a public document shall remain public; etc.).  A Party or Non-Party may also designate an Exhibit "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" on the record at the deposition or within thirty (30) days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30, or any subsequent agreement or order in this litigation, whichever date is later.  The transcript and exhibits shall be labeled with the appropriate legend. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend. Pending designation as set forth above, the entire transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," unless exhibits or testimony are identified on the record during the deposition as a different level of confidentiality.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Order to receive or access Protected Material based on the designation of such

Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(d)     <u>Inadvertent Failures to Designate</u>.   If a Producing Party discovers that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information or items that it produced were not designated as Protected Material, or that it produced information or items that were designated as Protected Material but designated in the incorrect category, the Producing Party may notify all Receiving Parties of the error and identify the affected information or items and their new designation. Thereafter, the information or items so designated will be treated as Protected Material. After providing such notice, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon receiving the Protected Material with the correct confidentiality legend, the Receiving Parties shall update the images in their discovery databases accordingly and shall to destroy copies of incorrectly designated Protected Materials. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

1

**6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

2

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

3

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

4

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

5

or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

6

confidentiality designation by electing not to mount a challenge promptly after the original

7

designation is disclosed.

8

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

9

by providing written notice of each designation it is challenging and describing the basis for each

10

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

11

recite that the challenge to confidentiality is being made in accordance with this specific paragraph

12

of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

13

begin the process by conferring directly (in voice -to -voice dialogue; other forms of communication

14

are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

15

Party must explain the basis for its belief that the confidentiality designation was not proper and

16

must give the Designating Party an opportunity to review the designated material, to reconsider the

17

circumstances, and, if no change in designation is offered, to explain the basis for the chosen

18

designation. A Challenging Party may proceed to the next stage of the challenge process only if it

19

has engaged in this meet and confer process first or establishes that the Designating Party is

20

unwilling to participate in the meet and confer process in a timely manner.

21

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

22

intervention, the Challenging Party shall file and serve a motion to remove the confidentiality

23

designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

24

within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute.

25

Each such motion must be accompanied by a competent declaration affirming that the movant has

26

complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the

27

Challenging Party to make such a motion including the required declaration within 14 days shall

28

1    automatically waive the challenge to the confidentiality designation for each challenged designation.

2    The burden of persuasion in any such challenge proceeding shall be on the Designating

3    Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

4    unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

5    Unless the Designating Party has waived the confidentiality designation, all parties shall continue to

6    afford the material in question the level of protection to which it is entitled under the Producing

7    Party's designation until the court rules on the challenge.

8    **7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

9    7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or

10   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation related to Inductors.  Protected Material may be

12   disclosed only to the categories of persons and under the conditions described in this Order. When

13   the litigation has been terminated, a Receiving Party must comply with the provisions of section 13

14   below (FINAL DISPOSITION).

15   Protected Material must be stored and maintained by a Receiving Party at a location and in a

16   secure manner that ensures that access is limited to the persons authorized under this Order.

17   7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

18   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

19   information or item designated "CONFIDENTIAL" only to:

20   (a)    the Receiving Party's Outside Counsel in this action;

21   (b)    the current or former officers, directors, and employees of the Receiving Party to

22   whom disclosure is reasonably necessary and who have signed the "Acknowledgment and

23   Agreement to be Bound" (Exhibit A);

24   (c)    In-House Counsel who do not participate in business decision making related to the

25   subject matter of the "CONFIDENTIAL" information or items, who have primary responsibility for

26   overseeing this litigation, and have signed the "Acknowledgment and Agreement to Be Bound"

27   (Exhibit A);

28

(d)     Experts (as defined in this Order) of the Receiving Party who are not employed by another manufacturer of Inductors, and who have no present intention to engage in such employment, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     Court reporters, stenographers, and videographers retained to record testimony in this action and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, or preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)     any mediator who is assigned or retained to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to the following:

(a)     the Receiving Party's Outside Counsel in this action;

(b)     Experts (as defined in this Order) of the Receiving Party who are not employed by another manufacturer of Inductors, and who have no present intention to engage in such employment to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Court and its personnel;

(d)     Court reporters, stenographers, and videographers retained to record testimony in this action and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f)     any mediator who is assigned or retained to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a document request, investigatory demand for documents, subpoena, a court order, or other legal process issued in other litigation that seeks or compels disclosure of any Protected Materials that the Party possesses solely as a result of discovery in this matter, the Party must:

(a)     within three business days, notify in writing the Designating Party, including a copy of the subpoena, document request, investigatory demand for documents, court order, or other legal process;

(b)     promptly notify in writing the entity seeking the Protected Materials that some or all of the material covered by the request is subject to this Protective Order, including a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, document request, investigatory demand for documents, court order, or other legal process shall not produce any Protected Materials before a determination by the court with jurisdiction over the motion for protective order, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material –

and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S INFORMATION SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1     The terms of this Order are applicable to information produced by a Non-Party in this action and designated by that Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party.

(d)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a)     notify in writing the Designating Party of the unauthorized disclosures;

(b)     use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c)     inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d)     request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and not use the Protected Material further or for any prohibited purpose under this Protective Order.

Each Party shall cooperate in good faith in efforts to ensure that no further or greater unauthorized disclosure or use of such material is made and to retrieve any material improperly disclosed.

## 11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

11.1     Consistent with Federal Rule of Evidence 502, if information subject to a claim of attorney-client privilege, work product protection or other privilege or protection is inadvertently produced, such production shall not constitute waiver of such privilege or protection.  Inadvertent production of privileged material in this Litigation shall not result in the waiver of any privilege or immunity in any other state or federal proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this Litigation or in any other federal or state proceeding.

11.2     The parties agree upon a "claw back" procedure and, subject to Court approval, reserve rights to assert privilege as follows:

(a)     If a Producing party has a good faith belief that a privileged document has been produced, it shall promptly notify the Receiving parties of the claim of privilege.

(b)     Upon receipt of any notice claiming privilege with respect to a produced document, all other parties (regardless of whether they agree with the Producing party's claim of privilege)

must not use or disclose the information from the document and shall within 5 business days, consistent with Federal Rule 26(b)(5):

      i.     Use reasonable efforts to return, sequester or destroy all copies of the identified documents or information from such documents in such party's possession, custody or control, except that the Receiving Party may retain copies to challenge the designation, and notify the Producing party that they have done so; and

      ii.    Use reasonable efforts to retrieve and return, destroy or sequester the identified documents or information from such documents from other persons, if any, to whom such documents or material have been provided, and notify the Producing party that they have done so.

(c)     To the extent a receiving party disputes the Producing party's claim of privilege, the Receiving party shall notify the Producing party of its position within 14 days of receiving the Producing party's notice claiming privilege. Within 10 days of the Producing party receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, the parties may resolve the dispute under Judge Cousin's discovery dispute procedure, and may submit the documents for *in camera* review.

(d)     This provision is not intended to modify whatever procedures may be established in any other stipulation or order that provides for production without prior privilege review.   Nothing herein limits the right of any Party to challenge the privilege assertion of another Party on a basis other than the inadvertent production of the document.

## 12. MISCELLANEOUS

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

      12.3   <u>Termination of Access</u>.  In the event any person or Party permanently ceases to be engaged in the conduct of this Litigation, that person's or Party's access to Protected Material shall be terminated, and all copies thereof shall be returned or destroyed.  The return or destruction shall take place as soon as practicable after the person or Party ceases to be engaged in the conduct of this Litigation.

      12.4   The provisions of this Order shall remain in full force and effect as to any person or Party who previously had access to Protected Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

## 13. FINAL DISPOSITION

      Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy those materials. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, hearing and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if those materials contain Protected Material. Any archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 12, 2018

**BLEICHMAR FONTI & AULD LLP**

By:  */s/ Lesley E. Weaver*
　　　Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com

**HAUSFELD LLP**

By:  */s/ Michael P. Lehmann*
　　　Michael P. Lehmann

Michael P. Lehmann (SBN 77152)
Bonny E. Sweeney (SBN 176174)
Christopher L. Lebsock (SBN 184546)
Samantha Stein (SBN 302034)
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
bsweeney@hausfeld.com
clebsock@hausfeld.com
sstein@hausfeld.com

*Interim Co-Lead Counsel for the Direct Purchaser Class*

**KIRKLAND & ELLIS LLP**

By: */s/ Eliot A. Adelson*
Eliot A. Adelson

Eliot A. Adelson (State Bar No. 205284)
Margaret A. Webb (State Bar No. 319269)
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Email: eadelson@kirkland.com
Email: margaret.webb@kirkland.com

Tammy A. Tsoumas (State Bar No. 250487)
Heather F. Canner (State Bar No. 292837)
333 South Hope Street
Los Angeles, CA  90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email: ttsoumas@kirkland.com
Email: heather.canner@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com

*Attorneys for Defendants Murata Manufacturing Co., Ltd.,
Murata Electronics North America, Inc., and Murata
Power Solutions, Inc.*

**GIBSON DUNN & CRUTCHER LLP**


By:  */s/ Daniel G. Swanson*
         Daniel G. Swanson

Daniel G. Swanson (SBN 116656)
Frances A. Smithson (SBN 313700)
333 South Grand Avenue
Los Angeles, California 90071
Tel: (213) 229-7000
Fax: (213) 229-7520
dswanson@gibsondunn.com
fsmithson@gibsondunn.com

Scott Hammond (*pro hac vice*)
Cynthia Richman (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: (415) 393-8200
Fax: (415) 393-8306
shammond@gibsondunn.com
crichman@gibsondunn.com

*Attorneys for Defendants Panasonic Corporation of*

*North America and Panasonic Corporation*

**LATHAM & WATKINS LLP**

By:  */s/ Marguerite M. Sullivan*
        Marguerite M. Sullivan

Marguerite M. Sullivan (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
marguerite.sullivan@lw.com
allyson.maltas@lw.com

Alfred Carroll Pfeiffer, Jr. (SBN 120965)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0060
Fax: (415) 395-8095
al.pfeiffer@lw.com


*Attorney for Defendants Sumida America Components, Inc.;*
*Sumida Corporation; and Sumida Electric Co., Ltd.*

**ARNOLD & PORTER KAYE SCHOLER LLP**


By:  */s/ James L. Cooper*
        James L. Cooper


Daniel B. Asimow
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Email: daniel.asimow@arnoldporter.com

James L. Cooper (*pro hac vice*)
Michael Adam Rubin (*pro hac vice*)
601 Massachusetts Ave., NW
Washington, DC 20001
Email: James.Cooper@arnoldporter.com
Email: michael.rubin@arnoldporter.com

*Attorneys for Defendants Taiyo Yuden (U.S.A.) Inc. and*
*Taiyo Yuden Co., Ltd.*

**MORGAN LEWIS & BOCKIUS LLP**

By:  */s/ Michelle Park Chiu*
        Michelle Park Chiu


Michelle Park Chiu (SBN 248421)
One Market
Spear Street Tower
San Francisco, California 94105-1596
Tel: (415) 442-1000
Fax: (415) 442-1001
michelle.chiu@morganlewis.com

J. Clayton Everett, Jr. (*pro hac vice*)
Scott A. Stempel (*pro hac vice*)
Greta L. Burkholder (*pro hac vice*)
Cindy Hong (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
San Francisco, California
Tel: (202) 739-3000
Fax: (202) 739-3001
clay.everett@morganlewis.com
scott.stempel@morganlewis.com
greta.burkholder@morganlewis.com
cindy.hong@morgnalewis.com

*Attorneys for Defendants TDK U.S.A. Corporation;
TDK Corporation; TDK-EPC Corporation; and
TDK Corporation of America*


**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:  */s/ Roxane A. Polidora*
        Roxane A. Polidora


Roxane A. Polidora (SBN 135972)
Jacob R. Sorensen  (SBN 209134)
Four Embarcadero Center
22nd Floor
San Francisco, CA 94111-5998USA
Tel: (415) 983-1000
Fax: (415) 983-1200
roxane.polidora@pillsburylaw.com
jake.sorensen@pillsburylaw.com

1

*Attorneys for Defendants Tokin Corporation and Tokin America, Inc.*

2

3

**KESSENICK GAMMA & FREE LLP**

4

5

By:  */s/ J. Maxwell Cooper*
     J. Maxwell Cooper

6

7

J. Maxwell Cooper (SBN 284054)
Michael A. Gawley (SBN 294190)
Scott C. Kessenick (SBN 295999)
44 Montgomery Street, Suite 3880
San Francisco, CA 94104
Tel: (415) 362-9400
Fax: (415) 362-9401
mcooper@kgf-lawfirm.com
mgawley@kgf-lawfirm.com
skessenick@kgf-lawfirm.com

8

9

10

11

12

13

*Attorneys for Defendants Sagami Elec Co., Ltd. and Sagami America Ltd.*

14

15

16

17

18

19

     Pursuant to Civil L. R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories above.

20

21

Date: November 12, 2018

22

         */s/ Matthew S. Weiler*
         Matthew S. Weiler

23

24

25

26

27

28

---

1   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3   Dated: _____November 13, 2018_____

4                                          Hon. Nathanael

5

6

7

8

9



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print/type full name],

of _____ [print/type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on [date] in *In re Inductors Antitrust Litigation.*, No. 5:18-cv-00198-EJD (N.D. Cal.). I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print/type agent's full name] of

_____ [print/type agent's full

address and telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Signature: _____
Printed name: _____