Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com

Michael P. Lehmann (SBN 77152)
Bonny E. Sweeney (SBN 176174)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
bsweeney@hausfeld.com

*Interim Co-Lead Counsel for the Direct Purchaser Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE INDUCTORS ANTITRUST LITIGATION | Case No. 5:18-cv-00198-EJD-NC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: February 7, 2019<br>Time: 10:00 A.M.<br><br>Hon. Edward J. Davila |

In connection with the Case Management Conference scheduled in this matter for February 7, 2019, the Direct Purchaser Plaintiffs ("Plaintiffs") and Defendants submit this Joint Case Management Conference Statement.

I. **DISCOVERY**

**A. DPP Class Plaintiffs' Position on Progress of Production of Transactional Data.**

At the case management conference that was held on December 17, 2018, this Court scheduled a case management conference for February 7, 2019 for the parties to report on their progress in production of transactional data concerning Inductors.

On December 21, 2018, Plaintiffs served Defendants with their First Set of Interrogatories. Interrogatory No. 1 asked Defendants to "Identify, for each year in the Relevant Period, all of Your revenues from all (1) sales of Inductors to customers with billing addresses located in the United States; (2) sales of Inductors shipped to the United States; and (3) sales to United States companies regardless of whether billed to or shipped to the United States." Not a single Defendant provided substantive answers to Interrogatory No. 1, but instead referred Plaintiffs to forthcoming transactional sales data productions.

    1. <u>Transactional Data Produced by Defendants to Date</u>

Defendants have produced no data. This despite the fact that Defendants have refused to provide answers to Plaintiffs' Interrogatory No. 1, in reference to hypothetical

document productions. The productions of transactional data that Plaintiffs have received to date are summarized as follows:

| Defendant | Volume of Transactional Data | Foreign Transactional Data? |
|---|---|---|
| Sagami Defendants | 0 | No |
| TDK Defendants | 0 | No |
| Panasonic Defendants | 0[1] | No |
| Taiyo Yuden Defendants | 0 | No |
| Murata Defendants | 0 | No |
| Sumida Defendants | 0 | No |
| Tokin Defendants | 0 | No |

Defendants' refusal to produce meaningful transactional data is impeding the progress of this litigation. Defendants have resisted discovery on all merits related issues, citing the lack of "proportionality," but have blocked discovery into foundational questions concerning the size of the market that will inform the proportionality analysis.

2. The Parties' Dispute Concerning Foreign Transactional Data

Plaintiffs and Defendants disagree on the issue of whether foreign transactional data should be produced.[2] The parties have met and conferred on this issue, and have exchanged their respective positions

Defendants have taken the position that no foreign transactional data should be produced until the Court rules on Defendants' Motion to Dismiss, but have agreed to

---

[1] On January 24, 2019, the Panasonic Defendants produced a "sample" of transactional data from 2016, which Plaintiffs are reviewing.
[2] Plaintiffs and Defendants disagree on a start date for Defendants' production of transactional data, but Plaintiffs will defer resolution of this dispute until Defendants have produced meaningful quantities of transactional data.

produce "transactional data with 'bill to' or 'ship to' addresses in the United States." Plaintiffs believe that production of foreign transactional data is proportional to the needs of the case at this time due to the obvious relevance of foreign transactional data to issues relating to Defendants' motive and opportunity for the alleged conspiracy, the scope and breadth of the conspiracy, and may be used by Plaintiffs' experts to create global demand models for Inductors.

Plaintiffs have determined to await Defendants' production of the transactional data that is indisputably proportional to the needs of the case at this time—including data that is "billed to" or "shipped to" U.S. addresses—before bringing this issue to resolution.

### B. Defendants' Position

#### 1. Overview of Transaction Data Work: On Schedule and On Target

Defendants have made substantial progress on their work necessary to identify, collect, and then produce transactional data. Each Defendant remains confident that transactional data will be substantially produced in advance of the April 1, 2019 deadline that Plaintiffs proposed and the Court adopted. *See* ECF No. 228.

Yet, Plaintiffs claim that "Defendants' refusal to produce meaningful transactional data is impeding the progress of this litigation." Defendants have not refused to produce transactional data. As described in more detail below, Defendants have agreed to produce data on or before the April 1 deadline, and Defendants are working diligently to that end. Plaintiffs do not identify any way that defendants' compliance with the Court-ordered schedule is "impeding the progress of this litigation." Defendants assume that Plaintiffs are also working diligently to comply with the Court-ordered schedule for its own productions. Of course, Plaintiffs also have not yet produced their transactional data (or any discovery), but Defendants are not anxious about Plaintiffs' meeting the April 1 deadline. Defendants trust that they will comply with the Court's deadlines.

#### 2. Plaintiffs' Acceptance of Defendants' Position on Foreign Data

Defendants are pleased that Plaintiffs now agree that Defendants should produce only transactional sales data with "bill to" and "ship to" addresses in the United States at this time.

This production is proportional to the needs of the case, and allows the parties to determine the need for any further data (if any) after this Court resolves Defendants' motion to dismiss.

### 3. Individual Defendants' Progress on Transactional Data

Each Defendant group has made substantial progress on identifying and understanding responsive data, which is the predicate for downloading final data for production:

- **Murata Defendants**: Counsel has engaged in extensive telephonic, email, and in-person communications with Murata Manufacturing Co., Ltd. ("MMC") and Murata Electronics North America, Inc. ("MENA") to determine what responsive data are and are not available, and has provided updates to Plaintiffs' counsel regarding the status of Murata's transactional data, including on November 27, 2018 and December 14, 2018. Murata expects to provide Plaintiffs a further substantial update by February 1, and expects that productions will then follow in advance of the April 1 deadline.

- **Panasonic Defendants**: Panasonic has worked diligently to determine the availability of responsive transactional data, and provided regular, detailed updates on its investigation to Plaintiffs' counsel. Panasonic provided Plaintiffs with additional information regarding its transactional data in letters dated November 26 and December 13. On December 21, 2018, four days after the last status conference, Panasonic provided Plaintiffs' counsel with a detailed list of available data fields and offered to meet and confer. Panasonic never received a response. Notwithstanding, in order to advance discussions, on January 24, 2019, Panasonic produced to Plaintiffs' counsel a data sample representing sales of inductors "billed to" or "shipped to" customers in the United States for all of 2016. Panasonic does not anticipate any difficulty with producing responsive transactional sales data in advance of the April 1 deadline.

- **Sagami Defendants**: Sagami has also worked diligently to determine the availability of responsive transactional data, and provided detailed updates on that topic to Plaintiffs' counsel in letters dated November 27, 2018 and January 24, 2019. Sagami expects to provide Plaintiffs with a list of data fields potentially responsive to their requests for

transactional data in early February, and anticipates producing responsive transactional sales data in advance of the April 1 deadline.

- **Sumida Defendants**: Sumida has identified its transactional sales data for sales to customers with "bill to" and "ship to" addresses in the United States. This data is available beginning in May 2003. Sumida expects to provide Plaintiffs with a list of fields potentially responsive to plaintiffs' request for transactional sales data for review by February 1. Sumida will then collect and produce the transactional sales data in advance of the April 1 deadline.

- **TDK Defendants**: TDK has investigated the availability of transactional data concerning sales of inductors and has updated Plaintiffs with information concerning the data available. TDK anticipates making a further, significant, update by February 1 and to be in a position to produce data concerning its inductors sales to customers with "bill to" or "ship to" addresses in the United States well in advance of the April 1, 2019 deadline.

- **Taiyo Yuden Defendants**: Counsel has engaged in extensive telephonic and email communications with Taiyo Yuden's Japanese and U.S. entities to answer extensive technical and substantive questions to determine what responsive data are and are not available. In particular, Taiyo Yuden now anticipates being able to produce data back to April 2002 instead of October 2011, which is the date previously believed and conveyed to Plaintiffs. Taiyo Yuden expects, upon confirmation of several open questions, to provide Plaintiffs a substantial update by February 1—two months in advance of the production timeline. Taiyo Yuden expects that productions will then follow in advance of the April 1 deadline.

- **Tokin Defendants**: Tokin has also worked diligently and engaged in extensive telephonic, email, and in-person communications to determine the availability of responsive transactional data. Tokin now anticipates being able to produce data for sales to customers with "bill to" and "ship to" addresses in the United States back to April 2004 instead of August 2007, which is the date previously believed and conveyed to Plaintiffs. Tokin

expects to provide Plaintiffs with a substantial update regarding potentially responsive data fields in early February, and does not anticipate any difficulty producing responsive transactional sales data in advance of the April 1 deadline.

### 4. **Plaintiffs' Progress on Discovery and Other Discovery Issues**

Defendants note that shortly before serving their section of this joint statement, Plaintiffs sought a two-week extension to serve responses to Defendants' first set of document requests, which track the non-merits requests Plaintiffs served on Defendants and include transactional data. Defendants granted that request.

Plaintiffs also note Defendants' responses and objections to Plaintiffs' recent "merits" document requests and interrogatories. The "merits" document requests were broader than the topics that Plaintiffs summarized at the last status conference, which the Court described as sounding "extensive." *See* Hr'g Tr., Dec. 17, 2018, at 10:9-10. The parties have not engaged in any meet and confer. Raising any substantive issues with the Court at this time would therefore be premature. That said, Defendants' note that their objections and responses were detailed and provide good reasons to Plaintiffs for their positions—similar to the reasons that Plaintiffs ultimately accepted for not pursuing global transactional data at this time.

Dated: January 28, 2019

Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley E. Weaver*
    Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
555 12th Street, Suite 1600

|   |   |
|---|---|
| 1 | Oakland, CA 94607 |
| 2 | Tel.: (415) 445-4003 |
|   | Fax: (415) 445-4020 |
| 3 | lweaver@bfalaw.com |
|   | mweiler@bfalaw.com |
| 4 | **HAUSFELD LLP** |
| 5 | By: */s/ Michael P. Lehmann* |
|   |     Michael P. Lehmann |
| 6 |   |
| 7 | Michael P. Lehmann (SBN 77152) |
|   | Bonny E. Sweeney (SBN 176174) |
| 8 | Christopher L. Lebsock (SBN 184546) |
|   | Samantha Stein (SBN 302034) |
| 9 | 600 Montgomery Street, Suite 3200 |
|   | San Francisco, CA 94111 |
| 10 | Tel: (415) 633-1908 |
| 11 | Fax: (415) 358-4980 |
|   | mlehmann@hausfeld.com |
| 12 | bsweeney@hausfeld.com |
|   | clebsock@hausfeld.com |
| 13 | sstein@hausfeld.com |
| 14 |   |
|   | *Interim Co-Lead Counsel for the Direct* |
| 15 | *Purchaser Class* |
| 16 | **KIRKLAND & ELLIS LLP** |
| 17 | By: */s/ Eliot A. Adelson* |
|   |     Eliot A. Adelson |
| 18 |   |
| 19 | Eliot A. Adelson |
|   | 555 California Street |
| 20 | 27th Floor |
|   | San Francisco, CA 94104 |
| 21 | eadelson@kirkland.com |
| 22 | James Mutchnik |
|   | 300 North LaSalle Street |
| 23 | Chicago, IL 60654 |
|   | james.mutchnik@kirkland.com |
| 24 |   |
| 25 | *Attorneys for Defendants Murata* |
|   | *Electronics North America, Inc. and* |
| 26 | *Murata Manufacturing Co., Ltd.* |
| 27 |   |
| 28 | {00202185.1}   JOINT CASE MANAGEMENT CONFERENCE STATEMENT |

CASE NO. 5:18-CV-00198-EJD-NC

7

| | |
|---|---|
| 1 | **GIBSON DUNN & CRUTCHER LLP** |
| 2 | |
| | By: */s/ Daniel G. Swanson* |
| 3 | Daniel G. Swanson |
| 4 | Daniel G. Swanson (SBN 116656) |
| | Frances A. Smithson (SBN 313700) |
| 5 | 333 South Grand Avenue |
| 6 | Los Angeles, California 90071 |
| | Tel: (213) 229-7000 |
| 7 | Fax: (213) 229-7520 |
| | dswanson@gibsondunn.com |
| 8 | fsmithson@gibsondunn.com |
| 9 | |
| | Scott Hammond (*pro hac vice*) |
| 10 | Cynthia Richman (*pro hac vice*) |
| | 1050 Connecticut Ave., N.W. |
| 11 | Washington, D.C. 20036 |
| | Tel: (415) 393-8200 |
| 12 | Fax: (415) 393-8306 |
| | shammond@gibsondunn.com |
| 13 | crichman@gibsondunn.com |
| 14 | |
| | *Attorneys for Defendants Panasonic* |
| 15 | *Corporation of North America; and* |
| | *Panasonic Corporation* |
| 16 | |
| 17 | |
| 18 | |
| | **LATHAM & WATKINS LLP** |
| 19 | |
| 20 | By: */s/ Marguerite Sullivan* |
| | Marguerite Sullivan |
| 21 | |
| | Marguerite Sullivan (*pro hac vice*) |
| 22 | Allyson M. Maltas (*pro hac vice*) |
| 23 | 555 Eleventh St., NW, Suite 1000 |
| | Washington, D.C. 20004 |
| 24 | Tel: (202) 637-2200 |
| | Fax: (202) 637-2201 |
| 25 | marguerite.sullivan@lw.com |
| | allyson.maltas@lw.com |
| 26 | |
| 27 | Alfred Carroll Pfeiffer, Jr. |
| | 505 Montgomery Street, Suite 2000 |

| | |
|---|---|
| 1 | San Francisco, CA 94111<br>Tel: (415) 395-8898 |
| 2 | Fax: (415) 391-0600<br>al.pfeiffer@lw.com |
| 3 | |
| 4 | *Attorneys for Defendants Sumida America Components, Inc.; Sumida Corporation;* |
| 5 | *and Sumida Electric Co., Ltd.* |
| 6 | **ARNOLD & PORTER KAYE** |
| 7 | **SCHOLER LLP** |
| 8 | By: */s/ James L. Cooper* |
| 9 | James L. Cooper |
| 10 | Daniel B. Asimow |
| 11 | Matthew H. Fine<br>Three Embarcadero Center, 10th Floor |
| 12 | San Francisco, CA 94111-4024<br>daniel.asimow@arnoldporter.com |
| 13 | matthew.fine@arnoldporter.com |
| 14 | James L. Cooper |
| 15 | Michael Adam Rubin<br>601 Massachusetts Ave., NW |
| 16 | Washington, DC 20001<br>James.Cooper@apks.com |
| 17 | michael.rubin@apks.com |
| 18 | *Attorneys for Defendants Taiyo Yuden* |
| 19 | *(U.S.A.) Inc. and Taiyo Yuden Co., Ltd.* |
| 20 | |
| 21 | **MORGAN LEWIS & BOCKIUS LLP** |
| 22 | By: */s/ Colin C. West* |
| 23 | Colin C. West |
| 24 | Colin C. West (SBN 184095) |
| 25 | One Market<br>Spear Street Tower |
| 26 | San Francisco, California 94105-1596<br>Tel: (415) 442-1000 |
| 27 | Fax: (415) 442-1001<br>colin.west@morganlewis.com |

|   |                                                                 |
|---|-----------------------------------------------------------------|
| 1 | J. Clayton Everett, Jr. (*pro hac vice*) |
| 2 | Scott A. Stempel (*pro hac vice* forthcoming) |
| 3 | Greta L. Burkholder (*pro hac vice*) |
|   | 1111 Pennsylvania Avenue, N.W. |
| 4 | Washington, D.C. 20004 |
|   | San Francisco, California |
| 5 | Tel: (202) 739-3000 |
| 6 | Fax: (202) 739-3001 |
|   | clay.everett@morganlewis.com |
| 7 | scott.stempel@morganlewis.com |
|   | greta.burkholder@morganlewis.com |
| 8 | |
| 9 | *Attorneys for Defendants TDK U.S.A. Corporation; TDK Corporation; TDK-EPC Corporation; and TDK Corporation of America* |

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ Roxane A. Polidora*
    Roxane A. Polidora

Roxane A. Polidora (SBN 135972)
Jacob R. Sorensen (SBN 209134)
Four Embarcadero Center
22nd Floor
San Francisco, CA 94111-5998USA
Tel: (415) 983-1000
Fax: (415) 983-1200
roxane.polidora@pillsburylaw.com
jake.sorensen@pillsburylaw.com

*Attorneys for Defendants Tokin Corporation and Tokin America, Inc.*

**KESSENICK GAMMA & FREE, LLP**

By: */s/ J. Maxwell Cooper*
    J. Maxwell Cooper


{00202185.1}                JOINT CASE MANAGEMENT CONFERENCE STATEMENT
                                  CASE NO. 5:18-CV-00198-EJD-NC
                                               10

| | |
|---|---|
| 1 | J. Maxwell Cooper (SBN 284054) |
| 2 | Michael A. Gawley (SBN 294190) |
| | 44 Montgomery Street, Suite 3880 |
| 3 | San Francisco, CA 94104 |
| | Tel: 415-362-9400 |
| 4 | Fax: 415-362-9401 |
| | mcooper@kgf-lawfirm.com |
| 5 | mgawley@kgf-lawfirm.com |

*Attorneys for Defendant Sagami Elec Co., Ltd. and Sagami America Ltd.*

Pursuant to Civil L. R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories above.

Date: January 28, 2019

                                                                    */s/ Matthew S. Weiler*
                                                                   Matthew S. Weiler