Michelle Park Chiu, SBN 248421
michelle.chiu@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001

J. Clayton Everett, Jr., (*pro hac vice*)
clay.everett@morganlewis.com
Scott A. Stempel, (pro hac vice)
scott.stempel@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

*Attorneys for Defendants TDK Corporation, TDK-EPC Corporation, TDK U.S.A. Corporation, and TDK Corporation of America*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE INDUCTORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | Case No. 5:18-cv-00198-EJD-NC<br><br>**DECLARATION OF J. CLAYTON EVERETT, JR. IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF DIRECT PURCHASER PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT AND RELATED DOCUMENTS [ECF NO. 326]**<br><br>Judge:    Hon. Edward J. Davila |

## DECLARATION OF J. CLAYTON EVERETT

I, J. Clayton Everett, Jr., declare and state that:

1. I am an attorney licensed in the District of Columbia and admitted to practice *pro hac vice* in the Northern District of California. I am a partner of Morgan, Lewis & Bockius LLP, and counsel of record for Defendants TDK Corporation, TDK-EPC Corporation, TDK U.S.A. Corporation, and TDK Corporation of America (collectively, the "TDK Defendants"). I submit this declaration in support of the Direct Purchaser Plaintiffs' ("DPP") Administrative Motion to File Under Seal portions of their Proposed Second Amended Complaint And Related Documents [ECF No. 326] ("Complaint and Documents"). I have personal knowledge of the facts set forth herein, or my knowledge is based upon my review of records of this case. If called upon as a witness in this action, I could and would testify competently thereto.

1. The following portions of the DDP's Complaint and Documents contain information that has been designated confidential by TDK:

| Document | Portions to Be Filed Under Seal |
|---|---|
| [Proposed] Second Consolidated Amended Complaint ("Proposed 2CAC") (Exhibit 1 to the Declaration of Lesley Weaver) | Paragraphs 16, 90-91, 99-100, 106-07, 168, 201-31, 264, 275, and Appendix |
| A comparison in redline form of the DPPs' current operative complaint, the corrected Consolidated Amended Complaint (ECF No. 210), with the DPPs' Proposed 2CAC | Paragraphs 16, 90-91, 99-100, 106-07, 168, 201-31, 264, 275 (these paragraph numbers refer to the revised paragraphs) |

2. The information contained in these paragraphs is designated "Highly Confidential" under the Stipulated Protective Order. Specifically, the information in the paragraphs above is taken from documents that contain trade secrets and other confidential business information regarding the TDK Defendants' existing and potential customers and the TDK Defendants' business with those customers, as well as product development information. *Sun Microsystems*

1

*Inc. v. Network Appliance*, No. C–08–01641–EDL, 2009 WL 5125817, at *9 (N.D. Cal Dec. 21, 2009) (sealing confidential business information, which if disclosed could cause harm to the parties).  I have been informed by TDK that this information retains independent economic value from not being generally known to, and not being readily ascertainable through proper means to the general public. If disclosed, this information would cause TDK competitive and commercial harm because it would provide competitors and counterparties insights into TDK's business that they would not otherwise have, and could disadvantage TDK in future negotiations with potential business partners and suppliers.  *See Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing"); *In re Elec. Arts, Inc.*, 298 Fed. App'x at 569–70. Sealing is justified to prevent judicial documents from being used as business information that might harm TDK's competitive standing.  *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *1.

3. The "strong presumption in favor of access" to court records does not apply to judicial records filed under seal when attached to a non-dispositive motion.  *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (discussing *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  In such circumstances, a party need only make a particularized showing of good cause to justify sealing the relevant document.  *United States v. Celgene Corp.,* 2016 WL 6609375, at *4 (C.D. Cal. Aug. 23, 2016); *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *1-2 (N.D. Cal. Jan. 15, 2013).  A complaint is not a dispositive motion. *Baldwin v. United States*, 732 F. Supp. 2d 1142, 1145 (D. N. Mar. I. 2010).

4. Based on the foregoing, TDK respectfully requests that this Court grant DPP's Motion To Seal portions of their Proposed Second Amended Complaint And Related Documents [ECF No. 326].

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of July, 2019 in Washington, D.C.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ *J. Clayton Everett, Jr.*
J. Clayton Everett, Jr.