<table>
<tr><td>1</td></tr>
<tr><td>2</td></tr>
<tr><td>3</td></tr>
</table>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE INDUCTORS ANTITRUST LITIGATION | Case No.   5:18-cv-00198-EJD<br>Re: Dkt. No. 436 |
| FLEXTRONICS INTERNATIONAL USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> PANASONIC CORPORATION, et al., <br><br> Defendants. | Case No.   5:19-cv-00078-EJD<br>Re: Dkt. No. 167<br><br>**ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS FLEXTRONICS' FOURTH AMENDED COMPLAINT AND DEPENDABLE'S THIRD AMENDED COMPLAINT** |

Plaintiff Flextronics International U.S.A., Inc. ("Flextronics") purchases inductors to build

electronic products for major Original Equipment Manufacturers ("OEMs").  Flextronics alleges

that it directly purchased inductors from Defendants Murata Manufacturing Co., Ltd., Murata

Electronics North America, Inc., Murata Power Solutions, Inc., Toko Inc. ("the Murata

Defendants"), Panasonic Corporation, Panasonic Corporation of North America, Panasonic

Electronic Devices Co. Ltd., Panasonic Industrial Devices Corporation of America ("the

Panasonic Defendants"), Sagami Elec Co., Ltd., Sagami America Ltd. ("the Sagami Defendants"),

Sumida Corporation, Sumida Electric Co., Ltd., Sumida America Components, Inc. ("the Sumida

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Defendants"), Taiyo Yuden Co., Ltd., Taiyo Yuden (USA) Inc. ("the Taiyo Yuden Defendants"),

2   TDK Corporation, TDK-EPC Corporation, TDK Corporation of America, TDK U.S.A.

3   Corporation ("the TDK Defendants"), and their co-conspirators throughout the Relevant Period

4   (January 1, 2003 through December 31, 2017).  *See* Fourth Amended Complaint ("FAC") ¶ 11,

5   Dkt. No. 137.  Flextronics alleges that Defendants conspired with each other to fix, raise, stabilize,

6   and maintain the price of inductors during this period.

7            Plaintiff Dependable Component Supply Corporation ("Dependable") similarly alleges that

8   the Murata, TDK, and Taiyo Yuden Defendants conspired to fix prices, allocate markets, and rig

9   bids for inductors that they sold to Dependable and putative class members throughout the

10  Relevant Period (January 1, 2003 through December 31, 2017).  *See* Third Amended Complaint

11  ("TAC") ¶ 2, Dkt. No. 420.

12           Defendants moved through one pleading to dismiss Flextronics' FAC and Dependable's

13  TAC.  *See* Defendants' Consolidated Motion to Dismiss Flextronics' Fourth Amended Complaint

14  and Dependable's Third Amended Complaint ("Mot."), Dkt. Nos. 436 & 167.  In response,

15  Flextronics and Dependable filed an omnibus brief in opposition, to which Defendants filed a

16  reply.  *See* Joint Opposition to Motion to Dismiss ("Opp."), Dkt. Nos. 442 & 173; Defendants'

17  Reply in Support of Consolidated Motion to Dismiss ("Reply"), Dkt. Nos. 447 & 179.  Having

18  considered the briefing and having had the benefit of oral argument on July 8, 2021, the Court

19  **GRANTS** Defendants' motion to dismiss.

20  **I.      BACKGROUND**

21           Rather than repeat the factual background of these cases for a third time, the Court refers

22  the Parties to its prior orders and **AFFIRMS** those orders herein.  *See, e.g.*, *Flextronics Int'l USA*

23  *v. Murata Mfg. Co.*, No. 5:19-cv-00078-EJD, Dkt. No. 132 (discussing the differences between the

24  OEM-specific conspiracy and the broader market-wide conspiracy); *In re Inductors Antitrust*

25  *Litig.*, No. 5:18-cv-00198-EJD, Dkt. No. 417.

26

27  Case Nos.: 5:18-cv-00198-EJD; 5:19-cv-00078-EJD
    ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS
28  FLEXTRONICS' FOURTH AMENDED COMPLAINT AND DEPENDABLE'S THIRD
    AMENDED COMPLAINT

United States District Court
Northern District of California

1    Flextronics continues to allege two separate conspiracies: (1) an OEM-specific conspiracy

2    that allegedly involved TDK, Murata, and the Taiyo Yuden Defendants, see FAC ¶¶ 13, 56, 229,

3    and (2) a broader market-wide conspiracy involving all Defendants, see FAC ¶¶ 478–510.

4    Importantly, after Defendants moved to dismiss Flextronics' fourth amended complaint, the TDK,

5    Murata, and Taiyo Yuden Defendants were dismissed from this action.  *See* Dkt. Nos. 193, 202,

6    205.  Because the TDK, Murata, and Taiyo Yuden Defendants were dismissed, the OEM-specific

7    conspiracy is no longer in dispute.  The Court thus only addresses the portions of Defendants'

8    motion to dismiss as it relates to the Panasonic, Sagami, and Sumida Defendants alleged

9    involvement in the market-wide conspiracy.

10    Dependable asserts one conspiracy, an OEM-conspiracy, that allegedly involved the TDK,

11    Murata, and Taiyo Yuden Defendants.[1]  *See* TAC ¶ 111 n.23.  Dependable alleges that Defendants

12    conspired to fix the prices of inductors for thirteen OEMs, which it labels "Major Customers."

13    TAC ¶ 6.

14    **II.    LEGAL STANDARD**

15    Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

16    if it fails to state a claim upon which relief can be granted.  A plaintiff need only allege "enough

17    facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

18    544, 570 (2007).  "In general, the inquiry is limited to the allegations in the complaint, which are

19    accepted as true and construed in the light most favorable to the plaintiff."  *Lazy Y Ranch Ltd. v.*

20    *Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  A complaint alleging an antitrust conspiracy thus

21    must merely present "enough factual matter (taken as true) to suggest that an agreement was

22    made" in order to "raise a reasonable expectation that discovery will reveal evidence of an illegal

23

24

25    [1] While Dependable did not formally dismiss the Sagami, Sumida, Panasonic, and Tokin
Defendants, it did so by failing to name these defendants in its amended complaint.  *See Valdez v.*
*Cal. Highway Patrol*, 2016 WL 11520302, at *2 (C.D. Cal. Mar. 9, 2016) (citing Fed. R. Civ. P.

26    24).  Accordingly, the Sagami, Sumida, Panasonic, and Tokin Defendants are dismissed from the
Dependable action.

27    Case Nos.: 5:18-cv-00198-EJD; 5:19-cv-00078-EJD
ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS

28    FLEXTRONICS' FOURTH AMENDED COMPLAINT AND DEPENDABLE'S THIRD
AMENDED COMPLAINT

United States District Court
Northern District of California

1     agreement." *Twombly*, 550 U.S. at 556.  The touchstone is plausibility.  "Specific facts are not

2     necessary; the statement need only give the defendant[s] fair notice of what . . . the claim is and

3     the grounds upon which it rests." *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1141

4     (N.D. Cal. 2009) (quotation marks and citation omitted).

5          Courts in this district do not require plaintiffs in complex, multinational, antitrust cases to

6     plead detailed, defendant-by-defendant allegations.  Instead, courts require plaintiffs "to make

7     allegations that plausibly suggest that each Defendant participated in the alleged conspiracy." *In*

8     *re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1185 (N.D. Cal. 2009) (quoting

9     *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 904 (N.D. Cal.

10    2008).  In complex, multinational, conspiracy cases, courts in this district review specific

11    allegations in the context of the complaint taken as a whole.  *In re Flash Memory*, 643 F. Supp. 2d

12    at 1144, 1147, 1148.  Although this is not a "pleading standard," this approach is consistent with

13    the Supreme Court's admonition in *Continental Ore Co. v. Union Carbide & Carbon Corp.* that

14    the "'character and effect of a conspiracy are not to be judged by dismembering it and viewing its

15    separate parts, but only by looking at it as a whole.'"  *In re Cathode Ray Tube (CRT) Antitrust*

16    *Litig.*, 738 F. Supp. 2d 1011, 1019 (N.D. Cal. 2010) (quoting *Cont'l Ore Co. v. Union Carbide &*

17    *Carbon Corp.*, 370 U.S. 690, 699 (1962)).

18    **III.    DISCUSSION**

19         **A.  Flextronics' Fourth Amended Complaint**

20         The Court must again determine whether Flextronics has alleged sufficient facts to

21    demonstrate that Defendants conspired to fix the prices of inductors.

22         Section 1 of the Sherman Act, 15 U.S.C. § 1, prohibits "[e]very contract,

23    combination . . . , or conspiracy, in restraint of trade."  To state a claim under Section 1, a plaintiff

24    must allege that "(1) there was an agreement, conspiracy, or combination between two or more

25    entities; (2) the agreement was an unreasonable restraint of trade under either a per se or rule of

26    reason analysis; and (3) the restraint affected interstate commerce." *Am. Ad Mgmt. Inc. v. GTE*

27    Case Nos.: 5:18-cv-00198-EJD; 5:19-cv-00078-EJD
      ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS
28    FLEXTRONICS' FOURTH AMENDED COMPLAINT AND DEPENDABLE'S THIRD
      AMENDED COMPLAINT

1    *Corp.*, 92 F.3d 781, 784 (9th Cir. 1996).  The Supreme Court has stated that a plaintiff must plead

2    "enough factual matter (taken as true) to suggest that an agreement was made."  *Kendall v. VISA*

3    *U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556–57).

4         "Asking for plausible grounds to infer an agreement does not impose a probability

5    requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable

6    expectation that discovery will reveal evidence of an illegal agreement."  *Id.*  In this circuit, courts

7    distinguish permissible parallel conduct from impermissible conspiracy by looking for "plus

8    factors," *i.e.*, "'economic actions and outcomes that are largely inconsistent with unilateral

9    conduct but largely consistent with explicitly coordinated action.'"  *Kelsey K. v. NFL Enters.,*

10   *LLC*, 254 F. Supp. 3d 1140, 1144 (N.D. Cal. 2017) (quoting *In re Musical Instruments & Equip.*

11   *Antitrust Litig.*, 798 F.3d 1186, 1193–94 (9th Cir. 2015)).  In this case, because Flextronics relies

12   solely on circumstantial evidence,[2] it must allege facts "tending to exclude the possibility that

13   defendants acted independently."  *Id.* (citing *In re Citric Acid Litig.*, 191 F.3d 1090, 1096 (9th Cir.

14   1999)).

15        Flextronics had not remedied the deficiencies identified by the Court in its earlier order.

16   First, Flextronics again fails to plead parallel pricing among the Panasonic, Sagami, and Sumida

17   Defendants and the named co-conspirators, *i.e.*, the TDK, Murata, and Taiyo Yuden Defendants.

18   Flextronics engaged an expert to demonstrate statistical evidence of parallel pricing, but the expert

19   could only demonstrate such pricing among the TDK, Murata, and Taiyo Yuden Defendants.

20   Indeed, "Flex did not purchase enough obviously comparable products over a long enough time

21   frame from . . . Panasonic, Sagami, or Sumida to permit statistical analysis of comparable

22   products' quarterly prices over the Conspiracy Period."  FAC ¶ 535.  Flextronics attempts to

23

24   _____

25   [2] To the extent Flextronics relies on direct evidence to show that Defendants conspired to target
     the entire inductors market, it does so only with respect to the TDK, Murata, and Taiyo Yuden
     Defendants.  *See, e.g.*, Opp. at 13, 17 (discussing *Nakakabu* dinners that involved the TDK,
26   Murata, and Taiyo Yuden Defendants); *see also* Opp. at 24 n. 14 (stating that Flextronics relies on
     circumstantial evidence to demonstrate a broader, market-wide conspiracy).

27   Case Nos.: 5:18-cv-00198-EJD; 5:19-cv-00078-EJD
     ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS
28   FLEXTRONICS' FOURTH AMENDED COMPLAINT AND DEPENDABLE'S THIRD
     AMENDED COMPLAINT

United States District Court
Northern District of California

1    demonstrate parallel pricing among the Panasonic, Sagami, and Sumida Defendants by using

2    "price comparisons" involving certain pairs of Defendants.  *See* FAC ¶¶ 535–39 (Figure 20).

3    Problematically, these price comparisons do not demonstrate parallel pricing because they do not

4    show any trends, patterns, or relationships among the Defendants' pricing over time.  *See* FAC

5    ¶ 539 (including a range of different price percentages, time spans, defendants, and products); *see*

6    *also In re Musical Instruments*, 798 F.3d at 1193 (parallel conduct means "competitors adopting

7    *similar* policies around the same time in response to similar market conditions") (emphasis

8    added); *cf. In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1062 (N.D. Cal. 2015)

9    (noting that plaintiffs alleged "specific price data" reflecting that the defendants' conduct allowed

10   them "to slow, negate and even reverse the market-driven decline in price for their products, and

11   to fix prices at supra-competitive levels"); *In re Musical Instruments*, 798 F.3d at 1197 (noting

12   that plaintiff must allege facts "connecting the purported price increase to an illegal agreement

13   among competitors").

14        Second, the complaint does not allege how the Panasonic, Sagami, and Sumida Defendants

15   "joined the conspiracy and played some role in it."  *See In re TFT-LCD*, 586 F. Supp. 2d 1109,

16   1117 (N.D. Cal. 2008) (quotation marks and citation omitted).  While the FAC alleges that the

17   Panasonic, Sagami, and Sumida Defendants participated in the JEITA meetings, the Ninth Circuit

18   has clearly stated that "mere participation in trade-organization meetings where information is

19   exchanged and strategies are advocated does not suggest an illegal agreement."  *In re Musical*

20   *Instruments*, 798 F.3d at 1196.  Flextronics does not allege new facts showing that Defendants

21   exchanged improper information at these meetings.  *See* Reply at 8–9.  There are thus no

22   allegations demonstrating that the Panasonic, Sagami, and Sumida Defendants behaved

23   improperly or conspired with the other named Defendants to fix the prices of inductors.

24        For these reasons, the Court **GRANTS** Defendants' motion to dismiss Flextronics' fourth

25   amended complaint.

26

27   Case Nos.: 5:18-cv-00198-EJD; 5:19-cv-00078-EJD
     ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS
28   FLEXTRONICS' FOURTH AMENDED COMPLAINT AND DEPENDABLE'S THIRD
     AMENDED COMPLAINT

United States District Court
Northern District of California

1          **B. Dependable's Third Amended Complaint**

2          In its third amended complaint, Dependable alleges, on behalf of itself and a class of

3   similarly situated persons and entities, that the TDK, Murata, and Taiyo Yuden Defendants

4   conspired to fix prices, allocate markets, and rig bids for inductors that they sold to Dependable

5   and other class members.  TAC ¶¶ 1–2.  Dependable does not allege that there was an industry-

6   wide conspiracy.  Instead, Dependable alleges that the TDK, Murata, and Taiyo Yuden

7   Defendants conspired to fix the prices of inductors for thirteen Major Customers.  Defendants,

8   citing the Court's August 2020 dismissal of Flextronics' third amended complaint, move to

9   dismiss Dependable's TAC for lack of standing.

10          To satisfy Article III standing, a plaintiff must allege: (1) an injury in fact that is concrete

11   and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the

12   challenged action of the defendant; and (3) that it is likely (not merely speculative) that injury will

13   be redressed by a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC),*

14   *Inc.*, 528 U.S. 167, 180–81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992).

15   To establish an injury in fact, a plaintiff must show that he or she suffered "an invasion of a

16   legally protected interest" that is "concrete and particularized" and "actual or imminent, not

17   conjectural or hypothetical."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quotation marks

18   and citation omitted).

19          If a plaintiff cannot allege Article III standing, then the federal court lacks jurisdiction over

20   the case and must dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1).

21   *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003); *Steel Co. v. Citizens for*

22   *a Better Env't*, 523 U.S. 83, 101, 109–10 (1998).  "At the pleading stage, the plaintiff must clearly

23   allege facts demonstrating each element."  *In re Apple Processor Litig.*, 366 F. Supp. 3d 1103,

24   1107 (N.D. Cal. 2019) (quoting *Spokeo*, 136 S. Ct. at 338).  "When '[s]peculative inferences' are

25   necessary . . . to establish either injury or the connection between the alleged injury and the act

26   challenged, standing will not be found."  *Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir.

27   Case Nos.: 5:18-cv-00198-EJD; 5:19-cv-00078-EJD
ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS
28   FLEXTRONICS' FOURTH AMENDED COMPLAINT AND DEPENDABLE'S THIRD
AMENDED COMPLAINT

United States District Court
Northern District of California

1    1988) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 45 (1976)).

2         The Court agrees that Dependable lacks standing to pursue its claim.  In order to plead

3    constitutional standing, Dependable "must connect itself to the OEM-conspiracy in some concrete

4    way—either by showing that it purchased Inductors from [a Major Customer] or that it was a

5    target of the OEM bid-rigging conspiracy." *See* Order Granting the Murata, Taiyo Yuden, and

6    TDK Defendants' Motion to Dismiss, Dkt. No. 133 (Flextronics Case).  Dependable does neither.

7    First, Dependable still does not indicate what type of Inductors it purchased, in what quantity, at

8    what price, or how the prices may have changed over time.  *See* TAC ¶ 13.  Second, Dependable

9    does not allege that it purchased parts that were affected by the OEM specific bid-rigging

10   agreements or that it was a target of the agreement.  Instead, paragraph 13 of the TAC connects

11   Dependable to the OEM-specific scheme using speculation—it alleges that because of the

12   Defendants' conspiracy, the prices for inductors increased, and thus Dependable paid more for

13   inductors than it would have absent Defendants' conspiracy.  This is insufficient.  There must be

14   some connection between the alleged scheme targeting the Major Customers and Dependable

15   beyond the general (and hypothetical) grievance that "prices would have been lower" absent the

16   alleged anticompetitive conduct.  *See Johnson*, 851 F.2d at 235.

17        Dependable fails to allege anything about its own purchases or its purchasing process that

18   would support an inference that it was harmed by the alleged OEM-conspiracy.  The alleged harm

19   caused to the thirteen Major Customers and other putative class members is insufficient to

20   demonstrate a "concrete and particularized" harm to Dependable.  Without allegations

21   demonstrating that the scheme particularly impacted Dependable, the Court must **GRANT** the

22   TDK, Murata, and Taiyo Yuden Defendants' motion to dismiss Dependable's third amended

23   complaint for lack of standing.

24   **IV.    CONCLUSION**

25        The Court **GRANTS** Defendants' motion to dismiss.  When dismissing a complaint for

26   failure to state a claim, a court should grant leave to amend "unless it determines that the pleading

27   Case Nos.: 5:18-cv-00198-EJD; 5:19-cv-00078-EJD
     ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS
28   FLEXTRONICS' FOURTH AMENDED COMPLAINT AND DEPENDABLE'S THIRD
     AMENDED COMPLAINT

     *Left margin:* United States District Court / Northern District of California

8

1   could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127

2   (9th Cir. 2000).  This Court has previously dismissed two other complaints and has provided

3   Flextronics and Dependable ample opportunity to cure the deficiencies identified in those Orders.

4   Because Plaintiffs have not remedied those deficiencies, the Court finds that amendment would be

5   futile, and Plaintiffs' claims are dismissed without leave to amend.  The Clerk shall close the files.

6        **IT IS SO ORDERED.**

7   Dated: February 3, 2022

8

9

10                              EDWARD J. DAVILA
                            United States District Judge

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Case Nos.: 5:18-cv-00198-EJD; 5:19-cv-00078-EJD
ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS

28  FLEXTRONICS' FOURTH AMENDED COMPLAINT AND DEPENDABLE'S THIRD
AMENDED COMPLAINT